## W. W. HILL v. TACITUS CLAY.

Where it is evident that the plaintiff in his original petition intended to declare upon the same cause of action which is more particularly and accurately set forth in a subsequent amended petition, in which he shows cause for his failure to set forth his cause of action with particularity and accuracy in his original petition, and the defendant pleaded that the instrument sued on was executed more than four years before the filing of the amendment; it was held that the plaintiff did not set up such a new cause of action in his amended petition as entitled the defendant to plead the statute of limitations.

An agent sold property of his principal and took a note therefor in his own name; the principal sued the maker and the agent, claiming the proceeds of the note; pending this suit the agent died; the principal administered upon his estate and moved to be made party plaintiff as administrator, to which motion the surviving defendant objected and his objection was sustained; it was held that though the plaintiff was not, perhaps, a proper person to represent the interest of the deceased defendant, yet the court might have made him a party as administrator and protected the surviving defendant by its decree.

It was further held that the surviving defendant having objected to making the administrator of the deceased defendant a party, he cannot be heard to complain that the case went to judgment without any representative of the deceased defendant.

Courts of equity act upon the most liberal and enlarged views in all such cases; and do not proceed upon the idea that strict justice is done, but that the best justice is measured out that can be under the circumstances.

ERROR from Washington. Tried below before the Hon. R. E. B. Baylor.

On the 6th day of June, 1848, Tacitus Clay petitioned the judge of the District Court of Washington county for a writ of injunction. The petition alleged that Robert W. McCreary was employed by petitioner as his agent to attend to his business in the State of Texas. His agent took charge of the business and possession of the property of plaintiff in Texas. His agent with the view of defrauding the plaintiff managed all the business of plaintiff in his own name, disposed of the property of plaintiff and took notes payable to himself. Among the notes thus taken, was one executed by William Oldham, upon which was due one thou-

sand and fifty dollars.   His agent with the view of defrauding plaintiff made an agreement with said Oldham and one William W. Hill, whereby his agent surrendered to the said Oldham said notes and in payment and in lieu thereof received the note of Hill, which Hill was owing to Oldham for the same amount.   Hill paid off and settled his note by agreeing to convey to his agent lands lying on Red River, and gave to his agent written obligations for the lands, which his agent still holds.   Petition charged that Hill well knew that the note of Oldham was the property of plaintiff, and that McCreary at the time he traded for the same had ceased to be the agent of plaintiff; prayed that McCreary be restrained from collecting any money on the note or obligation; that he be restrained from trading or in any manner disposing of them; and that Oldham and Hill be restrained from making any settlement with him.   Injunction granted and the writ issued.

McCreary filed a separate answer.   He admitted that he trans-acted the business of the plaintiff in his own name; admitted that he held the note of Oldham for one thousand dollars due on January 1st, 1841; denied that it was given for property of plaintiff; admitted that Oldham had paid the note by giving a note of Hill in exchange; that Hill had discharged the note by giving bonds and individual claims; denied that Hill had agreed to convey to him land on Red River.

On the 3d day of October, 1855, plaintiff filed an amended petition, alleging that Hill was indebted to him on a certain instru-ment of writing filed as on exhibit; which had come into his pos-session since the commencement of the suit.   The instrument filed as an exhibit and referred to in the amended petition was in the form of a receipt, signed by Hill, in which he acknowledged that he had received of McCreary a note on Oldham for $1000, bear-ing interest from January 1st, 1841, with two credits—one for $122 66, Nov. 1st, 1842; the other for $30, July 1st, 1845. It also recited that he, Hill, had no interest in the note; that he was owing Oldham two notes, which notes he was to take up with this note; that he would still be owing McCreary the two notes; that McCreary was to wait for payment of same until 1st July, 1848; that he was to discharge these notes by conveying lands to

McCreary; that he was to sell such tracts as came first into market and were most saleable; that if they sold for more than one dollar per acre McCreary was to have all over that amount; that he had paid McCreary twenty-five dollars, and was to pay J. L. McCrocklin one thousand pounds of pork at forty dollars, which was to be credited on the notes; on the back of the instrument was a memorandum, signed by Hill, in which he stated that the amount due McCreary on the instrument was one thousand and twenty-five dollars, bearing ten per cent. interest from date until paid. The instrument is dated Nov. 1st, 1845. The memorandum is dated January 1st, 1846.

On the 7th day of October, 1856, the death of McCreary was suggested, and, on motion of plaintiff, the suit abated as to him. Trial had. Verdict and judgment for plaintiff. At the same term motion for new trial granted.

On the 15th day of September, 1857, the plaintiff filed a second amended petition, in which he alleged that he in his own individual right was entitled to recover the full amount due on said obligation; but if, in the judgment of the court, it shall appear that he has not established the fact, that he is not entitled in his own right to a judgment in his favor; then he alleges that he is the administrator of the estate of said McCreary, now deceased, duly and legally appointed by the proper court; and as such is entitled to a judgment against Hill, and prayed for judgment accordingly.

To the amended petition Hill pleaded the four years limitation; an exception to which was sustained by the court.

On the 6th day of October, 1858, plaintiff filed another amendment, in which he alleged that the instrument of writing, filed as on exhibit with his amended petition on the 3d of October, 1855, was, at the time of filing his original petition, in the hands of McCreary or Hill; that neither the plaintiff nor his attorney had access to it; that he had no means of knowing the contents of said instrument except from the representations of the defendant and his attorney; that his original petition was drawn mainly from the representations; that there may be errors as to dates, time and maturity of the said obligations, but if so, it arose from the fact

Hill v. Clay.

that Hill had concealed the instrument, and that he and his attorney had misrepresented its contents. The amendment then set out the instrument fully.

The defendant, Hill, specially excepted to the amended petition. The court sustained the exceptions, so far as the petition sought to make the administrator of McCreary party plaintiff, but overruled them as to the remainder of the petition as amended.

There was a verdict for plaintiff, and judgment rendered accordingly. Motion for new trial overruled. The defendant Hill prosecuted his writ of error.

*James E. Shepherd*, for plaintiff in error.

*Hancock & West*, for defendant in error.

BELL, J. We are of opinion that there is no error in the judgment.

It is plain that the plaintiff below intended, in his original petition, to declare upon the same cause of action which is more particularly and correctly set forth in his subsequent amendment. In the amendment filed October 6th, 1858, the plaintiff showed cause for his failure to set forth his cause of action with accuracy and particularity in his original petition. He declared that he was not in possession of the instrument of writing showing the contract between Hill and McCreary, at the time his original petition was filed. He alleged that the instrument of writing was, at the time of filing the original petition, in the hands of Hill and McCreary, and that they withheld it from him, and misrepresented its nature and contents. Under the circumstances, we think that the amended petition filed October 3d, 1855, did not set up such a new cause of action as entitled the defendant to plead the statute of limitations. Nor do we think the court below erred in proceeding to judgment in the case after it had abated as to McCreary.

The plaintiff below moved to make himself a party as the administrator of McCreary, and this motion was denied because of the objections urged by the defendant, Hill. Although the plaintiff was not, perhaps, a proper person to represent the interests of

McCreary in this suit, still the court might have made him a party as administrator of McCreary, and protected the defendant, Hill, by its decree. After Hill had objected to making the administrator of McCreary a party, he could not be heard to complain that the case went to judgment without any representative of McCreary. We think the court below instructed the jury correctly as to the law.

Courts of equity act upon the most liberal and enlarged views in all such cases; and it is said, do not proceed upon the idea that strict justice is done, but that the best justice is measured out that can be under the circumstances. (Story's Equity Jurisprudence, section 468.)

The judgment of the court below is affirmed.

Judgment affirmed.