## MAYER, KAHN & FREIBERG V. A. C. WALKER.

### No. 3174.

**1. Amendment of Petition.**—The plaintiff filed a third amended original petition; the defendant suggested surprise and asked a continuance. The plaintiff then by leave of the court withdrew his third amended petition and announced ready for trial upon his second amended petition. The defendant did not insist upon a continuance, and the case was tried upon the second amended petition, and exhibits attached thereto were used. *Held,* no grounds for reversal. It was competent to restore the second amended petition to the record without rewriting the same and presenting it as the fourth amended original petition.

**2. Same Cause of Action.**—The second and third amended petitions contained substantially the same cause of action. The statute of limitations therefore in no way affected the right to recover in the action included in both, from the time originally declared on.

**3. Rebutting Testimony.**—In opening his case the plaintiff introduced testimony which if not controverted would have warranted a verdict for him. The defendant introduced conflicting testimony. After this the plaintiff had the right to strengthen his case in rebuttal. See illustration.

**4. Charges.**—See charges attacked but which were appropriately given under the facts, but inasmuch as additional and explanatory charges were not asked, that they were not sufficiently full will not be considered ground for reversal.

APPEAL from Camp. Tried below before Hon. J. M. MOORE, Special District Judge.

This is an appeal from a judgment for $1120.10 and costs, recovered by appellee for damages against appellants for seizing under attachment a stock of goods in a suit by them against E. M. Walker and appellee. The facts are set out in the opinion.

*Talbot & Turner,* for appellants.—1. After plaintiff filed his third amended original petition, on December 5, 1889, in lieu of his second amended original petition filed May 30, 1888, said second amended original petition constituted no part of the pleadings in this cause, as it had been entirely superseded by his third amended original petition, which now constituted his pleading in said cause, no exception to it

having been made or sustained, and the cause of action sued on in said third amended original petition being entirely new, the cause of action sued on in his second amended original petition had been voluntarily abandoned by him, and if he desired to return to it, it could be done only by filing a new suit or by filing an amended original petition. In either event, appellants could plead the statute of limitations. Rules for District Courts, 14; Shields v. Boone, 22 Texas, 193; Hughes v. Lane, 25 Texas, 356; Childs v. Mays, 73 Texas, 76.

On new cause of action: Railway v. Scott, 75 Texas, 86.

2. The court erred in allowing the witness E. M. Walker to testify over their objections after plaintiff and defendants had closed. The evidence objected to was not in rebuttal, and should have been introduced by plaintiff before he closed his case.

3. The appellants had three defenses to this suit:

(1) At the time the debt was contracted upon which they sued and attached, E. M. and A. C. Walker were partners doing business in the firm name of E. M. Walker.

(2) If they were not partners in fact at the time said debt was contracted, they held themselves out as such, and thereby induced appellants to make the sale.

(3) If they were not partners, then the goods seized were subject to their writ of attachment, because the sale of said goods from E. M. to A. C. Walker was made for the purpose of defrauding the creditors of said E. M. Walker, they being one of his creditors at the time of said sale, and that A. C. Walker knew of the fraudulent purpose when he bought.

The charge failed to present either of these defenses in a clear and intelligible manner, but on the contrary actually misled the jury on each of these three vital points.

*E. A. King,* for appellee.

STAYTON, CHIEF JUSTICE.—Appellants brought an action against E. M. and A. C. Walker on a promissory note signed "E. M. Walker," alleging that the defendants were partners doing business under that name, and in that action they sued out a writ of attachment that was levied on a stock of liquors as the property of the firm, which during the pendency of the action was sold as perishable property. A. C. Walker denied the partnership under oath, but subsequently both defendants withdrew their answers; whereupon the action was dismissed as to A. C. Walker and judgment was taken against E. M. Walker alone for the sum sued for, which established a lien on the proceeds of sale then in the custody of the clerk. Soon after the termination of that action A. C. Walker brought this suit against the plaintiffs in the former action to recover damages for the seizure of the property under

attachment, Walker alleging that the property when seized belónged to himself, and denying the existence of a partnership at any time between E. M. Walker and himself, and the action resulted in a judgment in his favor.

Appellants pleaded that E. M. and A. C. Walker were partners at the time the note sued upon in the other case was executed and at the time the liquors were seized under attachment, and that the firm business was done in the name of E. M. Walker and the debt a partnership debt; and further, if they were not partners in fact, A. C. Walker held himself out as a partner; that credit was given under a belief that the partnership existed as alleged in the former case. They further pleaded that if no partnership existed between E. M. and A. C. Walker the sale of the liquors claimed to have been made by E. M. Walker to A. C. Walker, about the time the attachment was levied, was made with intent to defraud the creditors of the former.

On May 30, 1888, plaintiff filed a second amended petition, and on December 15, 1889, he filed a third amended petition, but when the cause was called on the next day defendants asked a continuance on the ground of surprise, claiming that the last amendment filed set up cause of action not theretofore set up, and upon argument and inspection of the pleadings the court indicated an opinion that defendants were entitled to a continuance on the ground on which it was claimed. When this occurred plaintiff was permitted to withdraw his third amended petition, to readopt his second amended petition, and he then announced ready for trial upon that, to which defendants objected on the ground that the second amended petition went out of the case when the third was filed, and thereby the cause of action therein set up was abandoned and could not again be asserted, unless by the institution of a new action or by filing another amendment; against which the statutes of limitations might be urged.

The second amendment set up no cause of action not set up by the third, and it may be doubted if the latter set up any cause of action not asserted in the former, though the prayer for relief was extended in the third, and the averments may have been amplified.

There was no request for continuance or postponement of the trial because the court permitted plaintiff to reinstate his second amended petition, but it is now urged that the court erred in allowing plaintiff to abandon his third amendment and to try the case upon the second. This contention is based on Rule 14, which provides that "unless the substituted assignment shall be set aside on exception for a departure in pleading, or some other ground, the instrument for which it is substituted shall no longer be regarded as a part of the pleading in the record of the cause, unless some error of the court in deciding upon the necessity of the amendment, or otherwise in suspending it, be complained of, and it is presented in a bill of exceptions."

While the third amendment constituted the petition in the case the second was of no effect, but on leave to amend the amendment filed would supersede the third, and no one would doubt the right of the plaintiff on such leave to reinstate and file as his fourth amended petition a pleading containing the averments contained in the second amendment and none other. An amendment may be made by abandonment of averments of fact as well as by stating facts not before pleaded. The rule referred to has application to an original or amended petition abandoned by filing an amendment, but when the latter is abandoned we see no reason why a plaintiff may not adopt the original or amended petition which the abandoned pleading superseded.

Appellants objected to the use of the second amendment with the exhibit originally attached thereto, on the ground that it could not be considered a pleading in the case; but we are of opinion that the court did not err in this. If plaintiff's reliance on the second amended petition in any way operated as a surprise to defendants, upon application the court below would doubtless have continued or postponed the case; but no claim of that was made.

An instruction was asked to the effect that the action was barred by limitation if the goods were seized more than two years before the 6th day of December, 1889, which was the day on which the third amended petition was abandoned, and this the court refused to give. The third amendment set out fully the same cause of action asserted in the second, and it is not claimed that this was not asserted in former petitions filed within less than two years after the seizure. The filing of the third amendment did not operate an abandonment of any cause of action asserted in it, and its abandonment could only operate as an abandonment of a cause of action asserted in it, if any, and not asserted in the amendment on which the cause was tried. There was no error in the ruling of the court in refusing to give the charge requested.

After defendants had closed their evidence, two witnesses were introduced, who testified to some matters in rebuttal of evidence introduced by defendants, a part of which might properly have been introduced by plaintiff in making out his case, and it is urged that the judgment should be reversed for that reason.

Plaintiff in offering evidence made such proof as showed that no partnership existed between E. M. Walker and himself, and to show that he was a purchaser in good faith, which unrebutted was sufficient to entitle him to a verdict on these questions; but the defendants offered evidence tending to contradict this, and to strengthen his case upon these points the evidence objected to was introduced. That under such circumstances the evidence was admissible is settled by former decisions of this court. Mahan v. Wolf, 61 Texas, 489; Ayers v. Harris, 77 Texas, 120; Railway v. Robinson, 79 Texas, 608.

The court in effect instructed the jury that the verdict should be for the defendants if they believed from the evidence that E. M. and A. C. Walker were partners at the time the goods were purchased for which the note sued on in the former case was given and at the time the seizure under attachment was made. It can not be denied that the proposition contained in the charge was correct; and if it was believed, as is now contended, that the defendants would have been entitled to a verdict in the event the note was given for a debt growing out of a purchase of goods bought by a copartnership composed of E. M. and A. C. Walker, whether the partnership existed or not at the time of the seizure, then a charge to that effect should have been asked, and on its refusal this court would inquire whether under the facts of this case such a charge would have been proper. No such charge was asked, nor was the matter called to the attention of the court until after the jury had retired.

The court further instructed the jury, that if they believed from the evidence E. M. and A. C. Walker represented themselves to be partners, and induced Kahn, of the firm of Mayer, Kahn & Freiberg, to sell them the goods in controversy, believing them to be partners, then it would make no difference whether they were in fact partners; and it is now claimed that this part of the charge was misleading, in that it refers to *goods in controversy*, by which it is contended must have been meant the goods seized under attachment. This does not necessarily follow, and looking to the entire case we do not think the jury could have understood the court to refer to them, for the evidence showed that the representations on which defendants relied to show partnership, or by which they were induced to believe that a partnership existed, related to the time when one of the defendants, for his firm, sold some goods either to E. M. Walker or to the firm composed of himself and A. C. Walker, and there was a controversy as to whether the goods were sold to E. M. Walker or to a firm such as defendants claimed existed when the debt to them accrued. There was no controversy whatever as to whether defendants sold the goods that were seized under attachment, either to E. M. Walker, A. C. Walker, or to both. The controversy in this action was as to whether defendants sold to a firm composed of E. M. and A. C. Walker the goods for which the note, made the basis of the former suit, was given, or whether they were sold under such representations as to the existence of the partnership as would make A. C. Walker liable whether a partnership in fact existed or not.

On the issue as to whether the sale from E. M. Walker to A. C. Walker was made with intent to defraud creditors, some statements made by the former were introduced in evidence, but such statements were not made in the presence of A. C. Walker, nor was he shown to

have been informed of them prior to the time he claims to have purchased; and the court in effect instructed the jury that A. C. Walker would not be bound by such statements, of which he had no knowledge, and it is urged that the charge in this respect was erroneous, because the evidence was admissible for the purpose of impeaching E. M. Walker, and the charge it is claimed was calculated to induce the jury to disregard his statements for any purpose. The charge was correct, and if defendants desired that the jury should be informed for what purpose they might consider the statements they should have asked a charge upon that subject. Walker v. Brown, 66 Texas, 558.

The court instructed the jury that the sale by E. M. Walker would be invalid as to defendants if made by E. M. Walker with intent to hinder, delay, and defraud them, if that intent was known to A. C. Walker at the time he purchased, and it is urged that the judgment should be reversed because the court did not charge that the sale would be invalid if made with intent to delay, hinder, or defraud the creditors of E. M. Walker generally. The charge given was correct, and if appellants desired the more general charge given they should have asked it.

Looking to the whole charge, there is no reason to believe that the jury were misled by it, or that they did not understand therefrom the rules of law that should have governed them in making up their verdict.

There was evidence to support the finding of the jury, though there was evidence circumstantial in character tending to show that A. C. Walker and E. M. Walker were partners, and also tending to show that E. M. Walker conveyed with fraudulent intent known to A. C. Walker; but this was for the consideration of the jury, and we can not say that the finding was clearly wrong.

In view of the evidence of A. C. Walker, we can not say that the verdict was excessive.

Finding no error in the proceedings which led to the judgment, it must be affirmed.

*Affirmed.*

Delivered November 13, 1891.

A motion for rehearing was refused.