## J. H. GODDARD v. W. D. PEEPLES ET AL.

### No. 932.

**1. Vendor's Lien—Priority as Between Notes Given for Same Land.**

G. held two vendor's lien notes, given for the purchase of a tract of land. Upon maturity of the first, it was sent by express to be collected from an endorser. The endorser procured the express agent to transfer the note to B., who paid the amount due on it, G. knowing nothing of such transfer. B. transferred the note to P., who brought suit to enforce its lien, making G. a party and claiming that the two notes were equal liens. Held, that as the express agent had authority only to collect the note, and not to make a transfer of it, which would lessen G.'s security on the other note, the lien of G. on the second note was entitled to priority.

**2. Attorney's Fees Computed, How.**

Where the record on appeal does not show whether the attorney's fees stipulated for in the note sued on were to be allowed upon the principal and interest, or only upon the principal, it will be assumed that they were properly computed upon the principal only.

APPEAL from Raines. Tried below before Hon. E. W. TERHUNE.

*Bomar & Bomar*, for appellant.

No brief for appellees reached the Reporter.

FINLEY, ASSOCIATE JUSTICE.—This suit was instituted by W. D. Peeples upon a note for $100, executed by J. C. Rhodes to N. L. Cole, as part consideration for a tract of land. The suit was against Rhodes, and N. L. Cole, as endorser, and sought a foreclosure of the vendor's lien upon the tract of land in part payment of which it was given. J. H. Goddard was made a party defendant in the suit, upon the allegation that he also held a note executed by Rhodes as part consideration for the land, and that the same was a co-ordinate lien with that asserted by the plaintiff. The cause was tried below upon an agreed statement of facts, as follows:

"That November 25, 1889, N. L. Cole and wife, M. Cole, made, executed and delivered to J. C. Rhodes a deed conveying the land described in plaintiff's petition. That as part of the consideration of said deed was cash, and part three promissory notes in writing, to-wit, all dated November 25, 1889; the first for $100, payable November 1, 1890, which note has been paid off and discharged; the second note for $100, due November 1, 1891; the third for $160, due November 1, 1892—all of said notes draw 12 per cent. interest from date, interest payable annually on November 1st of each year, and each of said notes provide for 10 per cent. attorney's fees in case of legal proceedings. That the above mentioned deed retains the vendor's lien to secure the payment of said notes. That the second and third of said notes have been placed in the hands of an attorney and suit brought thereon.

"That N. L. Cole duly transferred said second and third notes to O. S. Bowman by a written transfer on the back thereof. That O. S. Bowman duly endorsed said two last mentioned notes to J. H. Goddard by writing his name across the back thereof. That about twenty days after the maturity of the second note, being for $100, due November 1, 1891, J. H. Goddard sent J. F. Willington, of Fort Worth, Texas, the said $100 note for collection. That said J. F. Willington sent said note to Emory, Texas, by Pacific Express to N. L. Cole, with instructions to deliver said note to N. L. Cole on payment of same. That the agent of the Pacific Express Company, at the request of N. L. Cole, transferred said note to J. W. Ballew, and J. W. Ballew paid said agent of the Pacific Express Company said money, which was sent to J. F. Willington, who sent same to J. H. Goddard, and neither J. F. Willington nor J. H. Goddard knew that J. W. Ballew took up said note.

"J. W. Ballew, for a valuable consideration, transferred said note to W. D. Peeples, who now holds same; and that J. H. Goddard now holds the third of said notes, being for $160, and interest and attorney's fees."

The court below rendered judgment for Peeples foreclosing his lien

upon the land, and also foreclosing the lien in behalf of Goddard, treating them as co-ordinate liens and entitled to pro rata payment from the proceeds of the sale of the land. From this judgment Goddard has appealed.

The main controversy is upon the point, as to whether the liens are co-ordinate, or whether Goddard's lien is entitled to priority in payment. It appears that the express agent had no authority to transfer the note to Ballew. His authority was limited to a delivery of the note to N. L. Cole upon payment of the amount called for by its terms. The owner of the note, Goddard, did not consent that the note should pass out of his hands into the hands of a purchaser who would hold and assert it as a lien upon the land co-ordinate with the lien existing in favor of the other $160 note held by Goddard. As against the maker of the note, Rhodes, and endorser, Cole, who procured Ballew to take up the note, it remained as a subsisting unpaid demand, with a vendor's lien upon the land to secure its payment; but as against the owner of the note who did not know of the transfer, and who thought that he had received payment upon the note extinguishing it, it has no such force. Goddard, in all probability, would not have consented to the transfer of the note to another person to be held as a claim upon the land, as it diminished, to that extent, the value of the security for the other $160 note held by him, and which fell due after this $100 note, originally sued upon. We think the principle here asserted is laid down in Cason v. Connor, 83 Texas, 26; Brick v. Buell, 73 Texas, 511; Union Trust Co. v. Railway, 63 N. Y., 311. The court should have given judgment in favor of plaintiff upon his note, foreclosing his lien upon the land, but this lien should have been postponed to the payment of the $160 note held by Goddard. Judgment also should have been rendered in favor of Goddard for the amount of his note, interest and attorney's fees, and a foreclosure of the vendor's lien upon the land, having priority of payment over the lien in favor of Peeples.

It is also complained that the amount of the judgment rendered in favor of Goddard in the court below was less than the amount he was entitled to recover upon the note. The amount of the judgment rendered in favor of Goddard was $224.67. By calculation, we find that the interest on the principal sum, $160, from the date of the note to the date of the judgment—being four years, two months and twenty-seven days—at the specified rate of 12 per cent. interest, would amount to $81.44. The note provided for 10 per cent. attorney's fees. It does not appear from the agreed statement of facts upon which the case was tried whether attorney's fees were to be allowed upon the principal and interest, or only upon the principal, and under this state of fact, we would only be authorized to compute attorney's fees upon the principal. This would amount to $16. By adding the interest, $81.44, attorney's fees, $16, and principal, $160, together, we find the aggregate sum to be $257.44. The judgment should have been rendered for this sum.

The judgment of the court below will be reversed wherein it treats

the liens as being of equal dignity and co-ordinate, and is here rendered, giving priority to the lien in favor of appellant Goddard. The judgment is also reformed, so as to award judgment for $257.44 in favor of Goddard, with interest thereon from the date of the judgment of the court below.

*Reformed and rendered.*

Delivered November 4, 1895.