BORSCHOW v. STEPHENSON et al.
(No. 5312.)

(Court of Civil Appeals of Texas. Austin. March 18, 1914.)

VENDOR AND PURCHASER (§ 285*)—LIEN—ENFORCEMENT — RIGHTS OF GUARANTOR OF NOTES—PRORATING SECURITY.

Where defendant guaranteed part of a series of vendor's lien notes, the whole of which plaintiff declared due upon nonpayment of the second, the judgment foreclosing the lien and finding against defendant on his guaranty need not prorate the proceeds of the sale of the land between the notes guaranteed and the others; plaintiff being entitled to judgment upon the guaranty without resorting to his security, and defendant being protected by the provision requiring the security upon the land to be exhausted before issuance of execution against him.

[Ed. Note.—For other cases, see Vendor and Purchaser, Cent. Dig. §§ 800–807; Dec. Dig. § 285.*]

Appeal from District Court, Mills County; John W. Goodwin, Judge.

Action by W. H. Stephenson against Max Borschow and another. From a judgment for plaintiff, the named defendant appeals. Affirmed.

E. B. Anderson, of Goldthwaite, and Arch Grinnan, of Brownwood, for appellant. E. B. Hendricks and I. J. Rice, both of Brownwood, for appellee.

JENKINS, J. The evidence in this case shows that ——— Cornelius on February 20, 1911, executed his eight promissory notes to appellant, the first for $100, due November 1, 1911, and the others for $300 each, due November 1, 1912, 1913, 1914, 1915, 1916, 1917, and 1918, respectively, interest payable annually; that said notes were given in payment for a tract of land in Mills county, upon which a vendor's lien was retained to secure the payment of said notes. They provided that the failure to pay either of said notes, or the interest thereon, would, at the election of the holder of such notes, mature all of them. Appellant sold said notes to appellee, making a written transfer thereof, together with the vendor's lien and superior title, and guaranteeing the payment of the first and second notes; the others being indorsed without recourse. The first note was paid, but the second was not, and appellee elected to treat them all as due, and brought this suit against the maker of said notes and to enforce the vendor's lien, and also against appellant upon his guaranty of said second note. Judgment was rendered against Cornelius for the debt, interest, attorney's fees, and costs, foreclosing the lien upon said land, and also against appellant upon his guaranty of said second note, with judg-

---

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key-No. Series & Rep'r Indexes

ment over in his favor against Cornelius for any amount that he might pay upon said judgment.

Appellant assigns error, contending that the proceeds of the sale should have been prorated between said second note and the remainder of said notes, instead of first applying all of such proceeds to the payment of such other notes. We overrule this assignment. Appellant was liable upon his guaranty for any deficit from the sale of said land, and the court rendered a proper judgment in decreeing that the proceeds should first be applied to, the other notes. Hutches v. Threshing Machine Co., 35 S. W. 64; Goddard v. Peeples, 11 Tex. Civ. App. 615, 33 S. W. 314. In fact, the holder of said notes was entitled to judgment against the guarantor upon the failure of the maker of said notes to pay the same, without first resorting to his security upon the land. Walker v. Collins, 22 Tex. 193; 32 Cyc. 97, 98. He was fully protected by the judgment of the court herein, which required the security upon the land to be exhausted before execution should issue against him.

Finding no error of record, the judgment of the trial court is affirmed.

Affirmed.