DAY et al. v. VAN HORN TRADING CO.
(No. 5557.)

(Court of Civil Appeals of Texas. Austin. Jan. 12, 1916.)

1. PLEADING ⬬18—PETITION—ALLEGATIONS —SUFFICIENCY.

Under Vernon's Sayles' Ann. Civ. St. 1914, art. 1827, providing that the petition shall set forth a full statement of the cause of action, a petition, alleging that defendants, as owners and promoters of a land company, contracted with plaintiff's assignor for the erection of seven buildings in a town named, and to do "certain other work" in and about the town site, as a mechanic, was insufficient, because not definite enough to enable defendants to prepare their defense, or to put them on notice of the matters expected to be proved.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 39, 64; Dec. Dig. ⬬18.]

2. PLEADING ⬬330 — ISSUES, PROOF, AND VARIANCE.

Where a verified account attached to the petition contained items other than those set forth in the petition, the account was inadmissible, as tending to establish a different contract from the one sued on.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 996–1002; Dec. Dig. ⬬330.]

3. ASSIGNMENTS ⬬138 — ACTIONS BY ASSIGNEE—EVIDENCE—INSTRUCTIONS.

Where, in an action by an assignee of a claim, plaintiff alleged in the petition that the claim sued on was transferred to it for a valuable consideration, and the assignor testified that he sold the claim to plaintiff for a specified sum, and the written transfer was introduced in evidence, refusal to submit to the jury the question whether plaintiff was the owner of the claim sued on was not erroneous.

[Ed. Note.—For other cases, see Assignments, Cent. Dig. §§ 235–288; Dec. Dig. ⬬138.]

4. JUDGMENT ⬬683—ACTIONS BY ASSIGNEE —CONCLUSIVENESS.

A judgment for an assignee, suing an assignor and the debtor on the account assigned, is conclusive as to the ownership of the claim, and is binding on the assignor.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. § 1206; Dec. Dig. ⬬683.]

5. LIMITATION OF ACTIONS ⬬127 — AMENDMENTS—NEW CAUSE OF ACTION.

Where the original petition filed before the running of limitations alleged that defendants contracted with plaintiff's assignor for the erection of houses in a town and for other work in and about the town site, as a mechanic, that defendants agreed with plaintiff's assignor to pay him for the work the amounts mentioned in an

itemized account attached, and the account, attached as an exhibit, contained the item "meals provided at opening, $300.00," the petition and the exhibit showed that the suit was brought to recover for meals furnished, and an amended petition, alleging that defendants agreed to pay plaintiff's assignor 50 cents per meal for persons coming to the town-site opening conducted by defendants, and that in pursuance thereof plaintiff's assignor prepared 600 meals for which defendants became liable to pay, did not set forth a new cause of action barred by limitations.

[Ed. Note.—For other cases, see Limitation of Actions, Cent. Dig. §§ 543–547; Dec. Dig. ⊙➡ 127.]

6. LIMITATION OF ACTIONS ⊙➡123—RUNNING OF LIMITATIONS—PLEADINGS.

An original petition, though insufficient on general demurrer, prevents the running of limitations.

[Ed. Note.—For other cases, see Limitation of Actions, Cent. Dig. § 539; Dec. Dig. ⊙➡ 123.]

7. CONTRACTS ⊙➡346 — ISSUES, PROOF, AND VARIANCE—QUANTUM MERUIT.

One suing on an express contract may not recover on a quantum meruit.

[Ed. Note.—For other cases, see Contracts, Cent. Dig. §§ 1714, 1718–1751; Dec. Dig. ⊙➡ 346.]

Appeal from District Court, Tom Green County; J. W. Timmins, Judge.

Action by the Van Horn Trading Company against J. R. Day and another. From a judgment for plaintiff, defendants appeal. Reversed and remanded.

Hill, Lee & Hill and Thomas & McCarty, all of San Angelo, for appellants. Joe Irby, of Van Horn, and Blanks, Collins & Jackson, of San Angelo, for appellee.

RICE, J. It appears from the evidence that in 1910 J. R. Day and Levi Anderson, as owners of the Plateau Valley Land Company, employed Geo. E. Darsey, a mechanic, to erect certain houses upon said town site, and to do other work in connection therewith. In pursuance of said employment Darsey erected the houses, as well as performed other services. Subsequent thereto he transferred his claim therefor to the Van Horn Trading Company, and it brought this suit against Day and Anderson, as well as Geo. E. Darsey, to enforce the payment of such claim. Appellants Day and Anderson answered by general demurrer and special exceptions, which were overruled, and admitted that they had employed Darsey to build the houses, agreeing to pay him therefor at the rate of $3.50 per day, but denied that they agreed to pay him the amounts as alleged in paragraph 3 of the petition, and specifically denied several of the items set out in the account attached to the petition, but admitted owing him the sum of $219.65. There were other pleadings filed by both parties, which will be hereafter noticed. There was a jury trial on special issues, which resulted in a verdict and judgment in behalf of appellee, from which appellants Day and Anderson alone have appealed.

[1] The petition, among other things, in paragraph 3, alleges that appellants, as owners and promoters of the Plateau Valley Land Company, contracted with defendant Darsey for the erection of seven houses in the town of Plateau, Tex., and to do certain other work in, on, and about the town site of Plateau, Tex., as a mechanic. A special exception was addressed to that part of said paragraph wherein it undertakes to allege an agreement on the part of appellants to pay Darsey for certain work in, on, and about the town site of Plateau, Tex., for the reason that said allegation was not definite enough to enable defendants to prepare their defense, or to put them upon notice of the things and matters expected to be proved as constituting "certain other work." This demurrer was overruled, to which appellants excepted. In this the court erred. The facts constituting plaintiff's cause of action should be set forth with such precision, clearness, and certainty as to apprise the opposite party of what he will be called upon to answer. This the petition fails to do, and was subject to the demurrer. See Vernon's Sayles' Civ. Stats. art. 1827; Mims v. Mitchell, 1 Tex. 446; Wright v. Wright, 3 Tex. 168; Caldwell v. Haley, 3 Tex. 318; City of San Antonio v. Routledge, 46 Tex. Civ. App. 196, 102 S. W. 756; Texas Cent. Ry. Co. v. Hannay-Frerichs & Co., 130 S. W. 250, 255, 256; Mayton v. T. & P. Ry. Co., 63 Tex. 77, 51 Am. Rep. 637; Ware v. Shafer, 88 Tex. 44, 29 S. W. 756; Lewis v. Hatton, 86 Tex. 533, 26 S. W. 50; Michie's Tex. Civ. Dig. vol. 13, pages 1085, 1086; Townes Texas Pleading (old edition) 278–280, and cases cited.

[2] Attached to plaintiff's petition was a verified account, which was offered in evidence, containing specific items other than those set forth in the petition, among them an item for wages for certain work claimed to have been performed by Chesley, Caswell, Cyril, and Cecil Darsey, sons of Geo. E. Darsey, as well as other items of expense, denominated as follows:

"Sundry expenses, over bill, meals provided at opening, lodging provided at opening and amount paid Ray Lavell."

Appellants objected to the introduction of said account on the ground that the pleading contained no allegation authorizing recovery therefor, and that such items were too indefinite and uncertain, and this forms the basis of the second and third assignments of error. We think the court erred in failing to exclude this evidence on appellants' objection. It tended to establish a different contract from the one sued upon, and was therefore inadmissible. See Loudon v. Robertson, 54 S. W. 783; Bagley v. Brack, 154 S. W. 247; Stuart v. Calahan, 142 S. W. 60; Kildow v. Irick, 11 Tex. Civ. App. 615, 33 S. W. 314; Jefferson Cotton Oil Co. v. Pridgen, 172 S. W. 739, point 10.

We likewise sustain the fourth assignment

of error, presenting the same question in a different form.

[3, 4] Appellants requested, and the court refused to give, a special charge submitting to the jury the question as to whether or not the Van Horn Trading Company was the owner of the account sued upon herein, and such failure is made the basis of the fifth assignment of error. In our opinion there was no error in the action of the court complained of. Appellee alleged in its petition that the account sued on was sold and transferred to it for a valuable consideration. Darsey testified that he sold the account to plaintiff for $900. The written transfer was likewise introduced in evidence. Darsey was made a party defendant to the suit. There was therefore no issue raised warranting the submission of such charge. Besides this, the judgment would be conclusive as to the ownership of such claim, and would effectively bind Darsey, since he was made a party defendant. See Wickizer v. Williams, 173 S. W. 289, and authorities there cited. See, also, Bonner v. Green, 6 Tex. Civ. App. 96, 24 S. W. 835.

[5] Appellant requested, and the court refused to give, a special charge, directing the jury to find in their favor as to the item of $300 in the account, for meals provided at the opening, on the ground that said item was barred by the two years' statute of limitation. This suit was filed on the 23d day of October, 1911; the meals were furnished during the fall of 1910; appellee filed its trial amendment on the 15th of January, 1915, wherein it alleged that Day and Anderson agreed and promised to pay defendant 50 cents per meal for preparing certain meals to be served to parties coming to the town-site opening conducted by defendants Day and Anderson; that in pursuance thereto said Darsey prepared 600 meals, for which appellants became liable to pay, etc., and which account was duly transferred to appellee. To this pleading appellants interposed the statute of two years' limitation. The question presented is whether or not the amendment set up a new cause of action. If it did, then the court erred in failing to give said charge. The original petition, to which was attached the exhibit, and upon which appellee went to trial, contains the following allegation:

"That heretofore, to wit, on the 1st day of May, 1910, defendants Day and Anderson * * * contracted with defendant Darsey for the erection of seven houses in the town of Plateau, Tex., and to do certain other work in, on, and about the town site of Plateau, Tex., as a mechanic. * * * The said Day and Anderson * * * agreed and contracted with said Darsey to pay him for such work and services the respective amounts mentioned in the itemized account for such work and services, a copy of which account is hereto attached, marked 'Exhibit A' and made a part hereof."

The account attached as an exhibit contains the item, "Meals provided at opening, $300.-

00." In our judgment the averments of the original petition, together with the exhibit, show that suit was brought to recover for meals so furnished, and therefore is necessarily the same cause of action embraced in the amendment. See rule 19 for the government of district and county courts (142 S. W. xviii), which provides that exhibits may be attached to, and referred to in aid and explanation of the allegations of, the petition, etc.

[6] Besides, notwithstanding the original petition was insufficient on general demurrer, nevertheless it would prevent the running of the statute of limitation (see Killebrew v. Stockdale, 51 Tex. 531; Tarkinton v. Broussard, 51 Tex. 554. See, also, Galveston, etc., Ry. Co. v. Cook, 25 S. W. 455; Texas, etc., Ry. Co. v. Johnson, 34 S. W. 188; Hill v. Clay, 26 Tex. 650; I. & G. N. R. R. Co. v. Pape, 73 Tex. 501, 11 S. W. 526; Mayer, Kahn & Freiburg v. Walker, 82 Tex. 222, 17 S. W. 505) for which reason the sixth assignment is overruled.

[7] Where the plaintiff sues upon an express contract, he is not entitled to recover upon a quantum meruit. The petition declared upon an express contract, while the evidence relating to the services performed by Darsey's sons shows that they were to receive what their work was reasonably worth. This being true, the court erred in giving the charge complained of in the seventh assignment, permitting a recovery for such services.

For the errors indicated, the judgment of the trial court is reversed, and the cause remanded.

Reversed and remanded.