# TEXAS SUPREME COURT REPORTS.

## GALVESTON TERM, 1890.

---

### JULIUS KAUFFMAN ET AL. v. J. C. WOOTERS.*

#### No. 2844.

1. **Citation by Publication — Appearance.** — A defendant cited by publication appearing to quash the service is in court for all purposes as if regularly cited to the next term.

2. **Independent Executors — Creditors.**—Persons holding claims against an estate administered under a will without control of the Probate Court by an executor not required to give bond may require those interested in the estate as devisees, legatees, or heirs to give bond as provided by statute, on which suit to recover such claims may be maintained. And in default of such bond they may force administration.

3. **Same—Sole Legatee Accepting the Estate.**—The widow, Mrs. Kauffman, having received from the executors a large estate as sole devisee and legatee, became liable to the creditors to the extent of the value of the assets so received by her.

4. **Gift by Legatee.**—The widow being sole devisee and legatee, having full control of the property received by her from the executors, had the right to make a gift of a part of it to her son. The son not having expressly assumed the payment of the claims against the estate, and it not having been alleged or shown that the gift impoverished the mother so that she was unable to pay the debts of the estate, he is not liable.

5. **Limitation.**—In an action against a defendant to subject property received by him to the debts of an estate from which it was received, or to make him liable from having received it, limitation will run from the time the property was received until the filing of the petition. An amendment containing substantially the same cause of action will have no effect upon the statute. It will be stopped by the filing of the original petition, and right of action would be barred in two years after the property was received, subject to the statutory exceptions.

6. **Practice in Supreme Court.**—There being no error in the proceedings so far as pertains to the judgment against Mrs. Kauffman, and plaintiffs dismissing as to Julius Kauffman, the judgment is affirmed in the Supreme Court against Mrs. Kauffman and reversed and dismissed as to Julius Kauffman.

APPEAL from Galveston. Tried below before Hon. W. H. Stewart. The opinion states the case.

*Waul & Walker*, for appellants.— 1. An amended original petition for which a subsequent amended original petition is substituted is not to be regarded as a part of the pleading in the record of the cause, and it is error for the judge to base his charge thereon. Rule 14 for Dist. Cts., 47 Texas, 619.

2. The recipient of the property of a deceased person is not liable for

---

*This case did not reach the Reporter until March, 1891.

the debts of the decedent unless it appears that he has obtained possession of the property of the deceased as devisee or legatee or heir of the deceased, or that he has obtained possession of such property fraudulently, and the further proof that there was not sufficient effects of the estate left in the hands of the executors or legatees to pay the debts of the estate. Kerr v. Hutchings, 46 Texas, 389; Kerr v. Hutchings, 36 Texas, 452; Hall v. McCormick, 7 Texas, 269.

3. When an amended petition is substituted for all former pleadings, no part of the pleadings for which the substitution was made shall be considered as part of the record, unless some error of the court in deciding upon the necessity of the amendment or otherwise in superseding be complained of and it is represented in a bill of exceptions. Rule 14 for Dist. Cts.

4. The remedy given by statute to a creditor of an estate administered under an independent will against a party in possession not taking under the will can only arise after a creditor has required the heirs or persons entitled to a portion of the estate under the will to give an obligation conditioned that the obligors shall pay all debts legally established against the estate.

Articles 1949, 1950, 1951, 1952 of the Revised Statutes are a re-enactment of the statute of 1848 which had been repealed in 1862. Article 1949 provides that when there is an independent will a creditor may cause all persons claiming under the will or as heirs at law to enter into an obligation to pay all debts established against the estate. Rev. Stats., arts. 1950, 1951, 1952; Shaw v. Ellison, 24 Texas, 197; Green v. Rugely, 23 Texas, 539; Wood v. McMeans, 23 Texas, 481; Runnels v. Kownslar, 27 Texas, 529; Carroll v. Carroll, 20 Texas, 746, 747; Hogue v. Sims, 9 Texas, 547.

5. To maintain a suit at common law or in equity by a creditor against a party wrongfully or fraudulently in possession of a portion of an estate under an independent will, it is necessary to aver and prove that there was not sufficient effects left, exclusive of the property or the effects transferred, to pay his claim. Rev. Stats., art. 1815; Kerr v. Hutchings, 46 Texas, 389; Kerr v. Hutchings, 36 Texas, 452; Hall v. McCormick, 7 Texas, 269.

6. It is the duty of the creditor of an estate administered under an independent will, when security is not required by the will, if the time for appointing an administrator has not elapsed, to require the devisee or legatee to give bond as required by the statute, and in case of failure to give bond to have an administrator appointed, before he can maintain a suit against a person in possession of any portion of the estate. Pucket v. Johnson, 45 Texas, 550; Wilber v. Collier, 3 Barb. Ch., 427; Rev. Stats., art. 1815; Kerr v. Hutchings, 46 Texas, 389; Kerr v. Hutchings, 36 Texas, 452; Hall v. McCormick, 7 Texas, 269.

7.   The court erred in its order made on the 13th of October, 1885, as follows: "And the plea as to service by publication on the defendant Mrs. Clara Kauffman was acted upon at the last term of court, and the service, on motion of her attorney, was quashed, as the publication was made on four consecutive Sundays, and now the defendant renews her said plea to the jurisdiction, and claims she is not subject to the jurisdiction of the court, in that no other service than said publication was ever made on her, and it being the opinion of the court that said service having on her motion been quashed at the last term, she is now by virtue of the spirit of the statute legally in court at the present term the same as if there had been personal service on her, and to this ruling she excepts."

And the court erred in its judgment entered on the 14th of October, 1889, in overruling defendant Clara Kauffman's plea to the jurisdiction of the court, filed October 12, 1889, as the pleadings and testimony in the cause show that said Clara Kauffman long before, at the time, and since the institution of the suit, until the said trial of said cause on the 14th of October, 1889, was a nonresident of the State of Texas and was a resident of the Empire of Germany; that she never appeared personally, nor received service of citation or authorized any one to receive service for her, nor did she waive service of citation or authorize any one to waive service of citation or notice of the institution of this suit for her, nor did she authorize any person to appear for her except to object specially to the jurisdiction of this court, as is shown by the record in the cause; and that the court erred in assuming jurisdiction of the case over her person, who through her attorneys was protesting against the court so taking jurisdiction; and that the said several rulings of the court are in violation of the Constitution of the United States, said jurisdiction being assumed and taken without " due process of law" and in violation of the law of the land, no service being made on her personally or otherwise, and no voluntary appearance being made by her in said suit.

(1)   The court erred in the several rulings here set forth, as the same are not in accordance with but repugnant to a proper construction of the laws and Constitution of the State of Texas.

(2)   The appearance of Clara Kauffman by motion to quash the service by publication and her plea to the jurisdiction of the court filed on October 12, 1889, was not such an appearance or answer as submitted her person to the jurisdiction of the court.

(3)   The appearance and answer of defendant to the merits, after the ruling of the district judge, was authorized by the laws of the State, being in due order of pleading and a right guaranteed to her by the laws of the State and the rules of the District Court, and in no manner waived her special appearance and plea to the jurisdiction after the same was overruled.

(4)   If the construction given by the District Court to the laws of the

State is true and accurate, the statute is in violation of the fourteenth amendment to the Constitution of the United States, and is absolutely null and void and of no effect.    Rev. Stats., arts. 1240, 1241, 1242, 1243, 1244, 1245.

Nor shall any State deprive any person of life, liberty, or property without *due process* of law, *nor deny* to any person within its jurisdiction the equal protection of the laws.    Const. U. S., 14th amendment, sec. 1.

No citizen of this State shall be deprived of life, liberty, or property, privileges, or immunities, or in any manner disfranchised, except by due course of the law of the land.  Const. Texas, Bill of Rights, sec. 19; Ins. Co. v. Milliken, 64 Texas, 46; Bradstreet Co. v. Gill, 72 Texas, 115; Liles v. Woods, 58 Texas, 419; Robinson v. Schmidt, 48 Texas, 19; Haygood v. Dial, 43 Texas, 625; De Witt v. Monroe, 20 Texas, 289; Freeman v. Alderson, 119 U. S., 185; Harkness v. Hyde, 98 U. S., 476; De Arcy v. Ketchum, 11 How., 165; Cunningham v. Goelet, 4 Denio, 72; Wheelock v. Lee, 74 N. Y., 495; McNabb v. Bennett, 66 Ill., 158; People v. Essex, 70 N. Y. 229; Cool. Const. Lim., pp. 358, 309 (note 2), 401, note; 2 Kent's Com., 13; Murray's Lessees v. Land Co. 18 How., 276; Pennoyer v. Neff, 95 U. S., 714.

*George Mason* and *D. A. Nunn,* for appellees.— 1.  Rule 14, with regard to amended pleadings, had for its object to reduce into one pleading all allegations constituting the cause of action or grounds of defense, and thus to get rid of the vicious practice of having multiplied pleas scattered through the record, containing repetitions, contradictions, and other features unnecessary to a proper statement of the cause of action or ground of defense, and thus relieve this court of much unnecessary and vexatious labor; but it would be preposterous and ruinous in the extreme to hold, as contended for by appellee's counsel, that the original plea could not be referred to to ascertain the date of its filing or as to its contents in determining the question of limitation; otherwise it would be dangerous to attempt to perfect a plea by amendment, if it would be treated as the institution of a new suit.  Connolly v. Hammond, 51 Texas, 647; Killebrew v. Stockdale, 51 Texas, 531; Tarkinton v. Broussard, 51 Texas, 554; Scoby v. Sweatt, 28 Texas, 713; Becton v. Alexander, 27 Texas, 659.

2.   The plea referred to, having for its object to make new parties, could be filed without leave of court, and would be treated as a matter of right which would often be necessary in order to preserve the right against the statutes of limitation.    Menifee v. Hamilton, 32 Texas, 514; Bohannon v. Hans, 26 Texas, 445; Harrison v. Knight, 7 Texas, 47; Campbell v. Wilson, 6 Texas, 398; Hensley v. Lytle, 5 Texas, 500; Allbright v. Penn, 14 Texas, 293; Hendrick v. Cannon, 5 Texas, 248.

3.   The debts of the deceased are charged upon his estate, and those who receive the same as legatees, devisees, heirs, or as volunteers, without a valuable consideration, take the same charged with such debts, and may

be sued and held responsible for the same to the extent of the value of the estate so received. Green v. Rugely, 23 Texas, 543; Rev. Stats., arts. 1968, 1971; Montgomery v. Culton, 18 Texas, 736.

STAYTON, CHIEF JUSTICE.—This action was brought against Julius Kauffman, Sr., on April 2, 1874, to recover the value of cotton hypothecated with him by Duble & Wooters to secure a loan.

The cotton belonged to J. C. Wooters & Co., but was shipped abroad and sold by Kauffman, then doing business in the name of Kauffman & Runge, this being done under authority from Duble & Wooters, to whom the cotton had been consigned by J. C. Wooters & Co. for the purpose of sale in this market.

The action pending, on January 17, 1880, Julius Kauffman, Sr., died testate, and by the terms of his will all of his estate, wheresoever situated, passed to Mrs. Clara Kauffman, his widow.

On January 25, 1884, a petition was filed in the cause making Mrs. Kauffman and Julius Kauffman, the only child of herself and Julius Kauffman, Sr., parties defendant.

That petition was amended on October 5, 1885, but the averments of the two petitions are substantially the same in so far as they state facts to show the liability of Mrs. Kauffman and her son Julius.

That amendment alleges that "Clara Kauffman is the widow and sole devisee and legatee of said Julius Kauffman, deceased, and is in the possession, use, and enjoyment of a large amount of property of the estate of her said deceased husband not exempt from the payment of his debts, devised and bequeathed to her by his last will and testament, and of the proceeds of such property so devised and bequeathed to her; and that the said defendant Julius Kauffman is the son of the said Julius Kauffman, deceased, and of the said Clara Kauffman, and is in the possession, use, and enjoyment of a large amount of property of the estate of his said deceased father not exempt as aforesaid, heretofore given to him by his said mother, and of the proceeds of such property so given to him as aforesaid."

The petition made a copy of the will of Julius Kauffman, Sr., an exhibit.

The petition then alleged that the will appointed three persons named the executors of the will in Texas, and that Mrs. Kauffman was made executrix of the will in Germany, the testator having estate in both countries; that the will provided no action should be had in the courts other than the probate of the will and return of an inventory, the executors not to be required to give bond; that the will was probated and the appointment of executors confirmed; that the executors named qualified, took possession of the estate, and returned an inventory, which was made an exhibit, and showed an estate in Texas consisting of property, real and personal, amounting in value to $396,392.

The will provided that Mrs. Kauffman, by power of attorney, might

take the estate out of the hands of the three Texas executors if she saw proper to do so, or might take charge of it herself; that in September, 1880, she availed herself of this right, and by her power of attorney "did transfer, make over, and assign and request * * * Texas executors as aforesaid, to transfer and assign to said defendant Julius Kaufman all the real and personal estate and choses in action which by said will she might be authorized to do, and made and appointed said defendant Julius Kauffman her agent and attorney to act for her and in her name, place, and stead in all matters of the estate of said Julius Kauffman, deceased, with power to sell and convey all her interest therein, with full power of substitution, * * * and that thereby said Clara Kauffman took said estate and the administration thereof out of the hands of said * * * executors as aforesaid, and vested the same and the management and control thereof in the said defendant Julius Kauffman," whereupon the executors resigned and relinquished "unto the said Clara Kauffman and said defendant Julius Kauffman all their rights as executors in said estate," and notified all persons thereof; "and that there has not since been any legal representation of said estate, but that the same in the manner aforesaid passed into the hands, possession, and control of said Clara Kauffman, who as sole devisee thereof received and took the same charged with and liable and subject to the debts of said Julius Kauffman deceased; that the estate * * * in Texas not exempt by law from forced sale or for the payment of debts so received and taken by her greatly exceeded in value all claims against said estate, including the amount sued for herein, and was and is assets in her hands charged with and liable and subject to payment of said debts.

"And plaintiff further says that after the said Clara Kauffman had so received and taken said estate and property, and the title, possession, and control thereof as aforesaid, and while the same was so charged, liable, and subject as aforesaid, she conveyed, transferred, assigned, and delivered, without any valuable consideration therefor, a large portion thereof situated in said State of Texas, greatly exceeding in value the amount sued for herein, to the said Julius Kauffman, who took and received the same from her charged with and liable and subject to the payment of said debts of said Julius Kauffman, deceased, * * * well knowing the same to be so charged, liable, and subject; and said plaintiff charges that said defendants Clara Kauffman and Julius Kauffman, in manner and form as aforesaid, have confederated together with intent to obstruct, hinder, and delay the said plaintiff as a creditor of said Julius Kauffman, deceased, in the collection of his just claim against said estate."

There was prayer for judgment against both defendants for the cotton or its value, and a judgment was rendered against them for $20,135.64.

No question is raised on this appeal as to the sufficiency of the evidence to show that Julius Kauffman, Sr., was liable for the value of the cotton,

nor can there be any question of the sufficiency of the pleadings and evidence to justify a judgment against Mrs. Kauffman. That the court had acquired jurisdiction as to her was held on a former appeal.

Mrs. Kauffman received the estate of her husband liable to the payment of his debts in her hands just as it had been in his, but creditors had no lien upon it. Sayles' Civ. Stats., art. 1817; Mayes v. Jones, 62 Texas, 365; Webster v. Willis, 56 Texas, 468.

Persons having claims against an estate administered under a will without the Probate Court by executor not required to give bond, may require those interested in an estate as devisees, legatees, or heirs to give bond as provided by statute, on which suit to recover sums due may be maintained, and in default of such a bond may force an administration. Sayles' Civ. Stats., arts. 1949–1952.

This remedy, however, is not exclusive, and by reception of the estate Mrs. Kauffman became as much liable for debts to the extent of the value of debt-paying assets of the estate received as she and bondsmen would have been had she executed bond, the sole purpose of which is security to creditors. She became liable because as devisee and legatee she received property liable to payment of debts.

Julius Kauffman filed a general demurrer to the petition, and further questioned its sufficiency on the ground that it did not aver that he as heir, devisee, or legatee had received any part of the estate of his father, or that in either of these characters he held possession of any part of the estate. These demurrers were overruled.

It is very clear that the petition does not aver that as heir, devisee, or legatee he received any part of the estate of his deceased father. On the contrary, it avers that Mrs. Kauffman was sole devisee and legatee, and a copy of the will was made an exhibit, which shows that the averment was true.

The averment is that he received as a gift from his mother "a large amount of property of the estate of his deceased father" not exempt from sale for payment of debts, and that "she conveyed, transferred, assigned, and delivered, without any valuable consideration therefor, a large portion thereof situated in said State of Texas, greatly exceeding in value the amount sued for herein, to the said defendant Julius Kauffman, who took and received the same from her charged with and liable and subject to the payment of said debts of said Julius Kauffman, deceased, well knowing," etc.

There is no averment that he agreed to pay debts in consideration of the conveyance to him, and when it is said that he received property charged with payment of debts we are to understand the pleader to mean that property received by him as a gift from his mother fixed upon him the same liability that would have existed had he received the same property as devisee, legatee, or heir.

The demurrer filed by Julius Kauffman questioning the correctness of this proposition was overruled, and the charge of the court, in effect, informed the jury that he was liable to appellee if he received property from his mother which came to her through the will of his father in value equal to sum due appellee.

If this be not the law the judgment must be reversed as to Julius Kauffman. When Mrs. Kauffman received the estate of her husband she made herself liable for debts of the estate to the extent of assets subject to payment of debts received by her. To that extent she became a debtor, and the property in her hands liable to sale for payment, as was it in the hands of her husband.

Her dominion over that property after the executors resigned was as complete as was that of her husband during his life. She could sell it, and title would pass freed from the claims of creditors. She could give it away, subject only to the restriction that thereby creditors to whom she had been responsible were not defrauded. Any disposition she might make of it would be valid, if the same disposition would have been valid if made by her husband.

If the gifts made to Julius Kauffman by his mother would not have been fraudulent as to creditors had they been made by the father, then they were not fraudulent when made by the mother.

It is not unlawful for a parent to make a gift to a child, and no creditor has right to complain that this is done if the parent retains ample property to satisfy the claims of all creditors.

Plaintiff alleges that Mrs. Kauffman received under the will of her husband an estate situated in this State aggregating in value $396,392, exclusive of some accumulations of interest on notes, bonds, and like interest bearing securities; but his petition may be searched throughout and no averment will be found that of this a sum much larger than necessary to meet all claims against the estate did not remain in her hands after the gift to her son.

The amount of the gift to him was not alleged, but it was said to be largely more than the sum due to plaintiff, which is less than $21,000.

If Julius Kauffman is liable to plaintiff at all, it is not because he has received a part of the estate from his mother by way of gift, but because he received so much of the estate through a voluntary conveyance that there was not ample left in the hands of his mother to meet the claims of creditors.

The law does not presume that such a state of facts existed, and a petition seeking to show that Julius Kauffman was liable to appellee for the debt of his father which did not state facts showing that the gift from his mother to him was fraudulent as to creditors was insufficient on general demurrer. The only fair inference from the facts stated in the petition is that Mrs. Kauffman retained of the estate in Texas more than

sufficient to meet all debts.  No claim against the estate other than that sued on is shown to have existed.  There seems to have been an estate in Germany as well as in Texas.

He was not liable as he would have been had he received the property as heir, devisee, or legatee, and when it was shown by the petition that he did not so receive it, it was incumbent on appellee to allege the facts that would render him liable.

The general demurrer filed by Julius Kauffman, as well as demurrer numbered "1," should have been sustained to so much of the petition as sought to hold him liable; and the charge of court which assumed that he would be liable if he received property formerly belonging to his father's estate, though not as heir, devisee, or legatee, without reference to any other fact than the value of property so received, was erroneous.

It is urged that the court erred in assuming in the charge that property received by Julius Kauffman from his mother was a part of the estate she received through the will of his father.

We think there was no error in this; for he stated that he had indirectly received property from the estate in value greater than the sum claimed by appellee, and Mr. Runge, who was a partner of Julius Kauffman, Sr., at the time of his death, and one of the executors, testified as follows:

"I know Mr. Kauffman, Jr. received money by gift from his mother in the summer of 1880.  It approximated $250,000, and was a transfer of an equivalent in cash on our books, to-wit, of firm of Kauffman & Runge as it then was.  It was not a transfer of her interest in the firm of Kauffman & Runge.  Her interest had been liquidated.  Mrs. Kauffman gave her son a certain amount of money transferred on our books.  What he got was less than his mother's share in the estate.  Mrs. Kauffman had an amount of money to her credit with the house and she directed that that be transferred to her son.  Amount was $250,000.  The amount of Julius Kauffman's interest in the firm of Kauffman & Runge, acquired by gift from his mother, is largely in excess of the amount involved in this suit.  His mother acquired the same by last will of her husband.

"The property was transferred to Clara Kauffman on the 12th of January, 1881.  The property given by Mrs. Kauffman to Julius Kauffman was given on the 1st of July, 1880.  It was her own property she was giving; does not know what was Mrs. Kauffman's share in the estate; the estate in Texas alone was known by him.  Mrs. Clara Kauffman gave Julius Kauffman an order for $250,000, which we placed to his credit as cash, and we placed the amount of her individual indebtedness on our books."

"Q.  Then the property transferred to Mr. Julius Kauffman by his mother was property she received from the estate of her deceased husband by virtue of the will he made?"

"A.  That may be a correct construction.  This transfer was made by

Mrs. Kauffman before we transferred the property, and she had a credit with us before.     This is my answer made before, and is the correct answer, and the transfer was made to her son on account of her own credit with the house."

On re-examination witness stated Mrs. Clara Kauffman had no credit in the house except what she derived from her husband's will.

To the question " Did she have any credit in that house except what she derived from her husband's estate?" the witness answered, "No, sir."

This was the evidence on that question, and clearly shows that the gift here spoken of came from property Mrs. Kauffman received through her husband's will.

This evidence, however, was not sufficient to authorize a recovery against him under the facts alleged by appellee.

The amended petition filed on January 25, 1884, by which Mrs. Kauffman and Julius Kauffman were made parties defendant, based the right of appellee to recover against them on substantially the same facts alleged in the amendment on which the trial was had, and the court informed the jury that the running of the statutes of limitation ceased when the first amended petition was filed.

In this there was no error, even though both amendments as to Julius Kauffman were bad on general demurrer.    Killebrew v. Stockdale, 51 Texas, 519;  Hill v. Clay, 26 Texas, 650;  Kinney v. Lee, 10 Texas, 155.

Limitation began to run in his favor from the time he received property in gift from his mother, and so continued until January 25, 1884, less such intervening time as he may have been absent from the State. If, excluding that, two years elapsed between the times named, then the action was barred as to him, but in view of other questions considered we do not feel called upon to examine that question of fact.

For the errors noticed the judgment will be reversed and cause remanded, unless appellee shall elect to dismiss his action as to Julius Kauffman, in which event it may be reversed and cause dismissed as to him and affirmed against Mrs. Clara Kauffman.

*Reversed and rendered.*

Delivered March 21, 1890.