## MISSOURI–KANSAS–TEXAS R. CO. OF TEXAS v. JOHNSON.

### No. 3801.

Court of Civil Appeals of Texas. Texarkana. Feb. 17, 1930.

Rehearing Denied Feb. 27, 1930.

C. C. Huff, of Dallas, and B. M. McMahan, of Greenville, for appellant.

L. L. James and T. D. Starnes, both of Greenville, for appellee.

HODGES, J.

The appellee filed this suit against the appellant on October 19, 1923. The purpose of the suit was to recover the sum of $1,423.22 as the balance due for the use of plaintiff's automobile for 168 days in the service of C. E. Schall as receiver of the Missouri, Kansas & Texas Railway Company of Texas. Omitting the formal parts of the original petition, it alleged: "That after the dates and transactions hereinafter alleged the defendant, under and by virtue of its charter and grant of authority to operate a line of railway within this state, became liable and bound to pay the contract liabilities and claims properly chargeable to and against C. E. Schaff as receiver of the Missouri, Kansas & Texas Railway Company of Texas and arising and growing out of the operation of said railway by the said C. E. Schaff, his agents and employees, while receiver thereof, and by virtue thereof the defendant became liable and bound to pay him the obligations hereinafter set out, all of which arose incident to and while the said C. E. Schaff was operating said railway as receiver thereof, and the property so operated and mentioned hereinafter passed into the hands, control and ownership of the defendant when the said C. E. Schaff was relieved as receiver aforesaid." The petition then proceeds to state that between the dates of July 1, 1922, and December 15, 1922, he furnished, at the instance of his superior officers, his automobile for the use of the receiver and his employees in transporting other employees, provisions, and materials connected with the operation of the railroad. He then alleges the value of the use of his automobile to be the sum of $10 per day; that the receiver had paid the sum of $256.78, leaving a balance of $1,423.22 unpaid, for which he sought a judgment. On August 17, 1925, the plaintiff filed his first amended original petition, alleging, in substance, as follows: That prior to the year 1925 the Missouri, Kansas & Texas Railway Company of Texas operated a line of railroad between different points in the state of Texas; that on September 28, 1915, at the instance of certain creditors, the above-named railroad company was placed in the hands of C. E. Schaff as receiver, and that this receivership continued until July 5, 1923. He then alleges that when the receiver was in charge of the corporate property of the above-mentioned railroad company an automobile belonging to the plaintiff was used, at

the instance of plaintiff's superiors, in the service of the receiver for transporting employees, provisions, etc., from place to place, under an implied contract to pay the reasonable value of the use of the automobile. He further alleges that on December 14, 1922, the property of the Missouri, Kansas & Texas Railway Company of Texas was sold under a decree of the federal court wherein the receivership was pending, and was purchased by the appellant, Missouri-Kansas-Texas Railroad Company of Texas, a new corporation organized under the laws of Texas for the purpose of purchasing and operating the railroad property. He further alleges that when the defendant secured its charter under the provisions of article 6625, Revised Civil Statutes of 1911, it took possession of the property, and the rights and franchises, and assumed payment of all subsisting obligations of C. E. Schaff, receiver, and did so with the understanding and agreement in writing, as evidenced by their charter and memorandum of purchase made at the time of the sale, that the property and franchises so purchased should be charged with and subject to the payment of all subsisting liabilities and claims for personal injuries, current expenses of such operation, including labor, supplies, and repairs, etc.; also including the claim of the plaintiff arising during the operation of said railroad by the receiver; and the defendant thereby became liable and charged with said obligations and liabilities by law.

Defendant's answer consisted of a general demurrer and a general denial, together with a number of special exceptions and special denials raising the defenses hereinafter discussed. The appellee testified that at the instance of his superiors his car had been used 168 days in the service of the receiver in transporting the employees, provisions, and materials necessary in the operation of the road by the receiver. He also testified as to the value of the use of his car, and other facts sufficient to authorize a finding that the receiver became liable for the claim sued on.

In response to special interrogatories, the jury found, in substance, that between the dates alleged in the petition the appellant furnished his automobile at the request of his superiors in rendering the service alleged; that the reasonable cash value of the use of the car for that time was $6.50 per day, less $256.78 paid by the company for gas, oil, and upkeep. The court thereupon rendered a judgment in favor of the appellee for $835.22.

There are a number of assignments presented in the appellant's brief, but we shall discuss only the more important grounds relied on for a reversal of the judgment. The first is the defense of limitation. It is claimed that the amended original petition sets up a new and distinct cause of action, and that such action was barred by the statute of limitation.

The cause of action stated in both pleadings is based upon the same transaction, the use of the plaintiff's automobile in the same service and on the same dates. In the original petition the plaintiff alleges in a general way that the defendant "became liable and bound to pay the contract liabilities and claims" properly chargeable against the appellant by virtue of its charter and grant of authority to operate a line of railroad within this state. In the amended original petition the basis of that liability is set out in detail. Articles 6421 and 6422 of the Revised Civil Statutes of 1925, which are the same as articles 6624 and 6625 of the Revised Civil Statutes of 1911, contain the following provision:

"In case of the sale of the property and franchises of a railroad company, whether by virtue of an execution, order of sale, deed of trust, or any other power, or by a receiver acting under judgment heretofore or to be hereafter rendered by any court of competent jurisdiction, the purchaser or purchasers at such sale, and associates, if any, shall acquire full title to such property and franchises, with full power to maintain and operate the railroad and other property incident to it, under the restrictions imposed by law; provided, that said purchaser or purchasers, and associates, if any, shall not be deemed to be the owners of the charter of the railroad company and corporations under the same, nor vested with the powers, rights, privileges and benefits of such charter ownership as if they were the original corporators of said company, unless the purchaser or purchasers, and associates, if any, shall agree to take and hold said property and franchises charged with and subject to the payment of all subsisting liabilities and claims for death and for personal injuries sustained in the operation of the railroad by the company, and by any receiver thereof, and for loss of and damage to property sustained in the operation of the railroad by the company and by any receiver thereof, and for the current expenses of such operation, including labor, supplies and repairs; provided that all such subsisting claims and liabilities shall have accrued within two years prior to the beginning of the receivership resulting in the sale of said property and franchises or within two years prior to the sale, if said property and franchises be sold otherwise than under receivership proceedings, unless suit was pending on such claims and liabilities when the receiver was appointed or when the sale was made, in which event claims and liabilities on which suits were so pending shall be protected hereby as though accruing within the two years; such agreement to be evidenced by a written instrument signed and acknowledged by said

purchaser or purchasers and associates, if any, and filed in the office of the Secretary of State. Such charter, together with the powers, rights and privileges and benefits thereof, shall pass to said purchaser or purchasers and associates, if any, subject to the provisions and limitations imposed and to be imposed by law. * * *

"In case of a sale of the property and franchises of a railroad company within this State the purchaser or purchasers thereof and associates, if any, may form a corporation under the first chapter of this title, for the purpose of acquiring, owning, maintaining and operating the road so purchased, as if such road were the road intended to be constructed by the corporation; and, when such charter has been filed, the new corporation shall have the powers and privileges then conferred by the laws of this State upon chartered railroads, including the power to construct and extend. The property and franchises so purchased shall be charged with and subject to the payment of all subsisting liabilities and claims for death and personal injuries sustained in the operation of the railroad by the sold out company and by any receiver thereof and for loss of and damage to the property sustained in the operation of the railroad by the sold out company and by any receiver thereof and for the current expenses of such operation including labor, supplies and repairs, provided that all such subsisting claims and liabilities shall have accrued within two years prior to the beginning of the receivership resulting in the sale of such property and franchises, or within two years prior to the sale, if said property and franchises be sold otherwise than under receivership proceedings, unless suit was pending on such claims and liabilities when the receiver was appointed, or when the sale was made; in which event claims and liabilities on which suits were so pending shall be protected hereby as though accruing within two years; and provided, that by such purchase and organization no right shall be acquired in conflict with the present Constitution and laws, in any respect, nor shall the main track of any railroad once constructed and operated be abandoned or moved."

It appears from the terms of those articles that no purchaser of the property of a railroad corporation operating in this state can acquire the rights and franchises of a sold out railroad company without assuming the liabilities mentioned in the statute. International-Great N. Ry. Co. v. Oehler (Tex. Civ. App.) 262 S. W. 785; International-Great N. Ry. Co. v. Smith (Tex. Civ. App.) 269 S. W. 886; International & G. N. Ry. Co. v. Concrete Ins. Co. (Tex. Com. App.) 263 S. W. 265. That liability seems to attach as a legal incident to the acquisition of the property rights and franchises of the sold out company. Its assumption of such liability is im-

plied in the acceptance by the purchasers of a charter from the state which confers rights and franchises of the sold out corporation. The original petition may have been subject to demurrer because of the omission of some essential details, but that fact alone does not prevent the pleading from constituting the beginning of a suit within the meaning of our statute. Fuller v. El Paso Times (Tex. Com. App.) 236 S. W. 455, and cases there referred to; Texarkana & F. S. Ry. Co. v. Casey (Tex. Civ. App.) 172 S. W. 729.

■ The next question is: Does the statute quoted include claims of this character among those which purchasers of railroad franchises and property must assume? The services for which the appellee claims compensation may be classed as a part of the current operating expenses of the receivership. Prior to 1910, when the statute previously quoted from was enacted, expenses and liabilities incurred during the time the property was in the hands of the receiver were not chargeable against the property in the hands of purchasers except when made so by decree of the court ordering the sale of the property, or where the receiver had expended in making betterments current revenues of the company equal to the amount of the claims. International & G. N. Ry. Co. v. Perkins (Tex. Civ. App.) 185 S. W. 657, and cases cited. That rule, however, was changed in this state by the enactment of the statute of 1910, commonly known as the "I. & G. N. Railway Law." It is contended that this statute does not include liabilities for current expenses incurred by the receiver during the time he is in charge of the road. The liabilities mentioned in the statute may be divided into three classes: (1) Claims for death and personal injuries occurring both before and during the receivership; (2) claims for the loss of and damage to property sustained in the operation of the railroad both before and during the receivership; and (3) claims "for the current expenses of such operation, including labor, supplies and repairs; provided that such subsisting claims and liabilities shall have accrued within two years prior to the beginning of the receivership resulting in the sale of said property and franchises, or within two years prior to the sale of said property," etc. The expression "such operation," used in the language quoted above, means any expenses of operation while in the hands of the receiver, as well as those occurring before the property passed into his hands. No adjudicated case has been referred to by counsel or found by us construing that particular provision. But we think that construction here given is warranted by the terms of the act, as well as by the purpose for which the statute was enacted. The evident purpose of this law was to protect creditors whose claims grew out of the operation of insolvent railroads while in the

hands of receivers, as well as claims accruing under former management. The provision limiting liability to such claims as accrued within two years before the receivership was not, we think, intended to exclude those which accrued during the receivership, but rather to fix a limit to claims which had accrued before the receivership began.

The statute plainly includes many claims which have always been classed as liabilities of the receiver, such as personal injuries, damage to property, or for the loss of property, labor, supplies, and repairs. If the appellee's claim is not among those named in the statute, there is little reason for saying that it is not included by implication.

We are of the opinion that the judgment should be affirmed, and it is so ordered.