**SOUTHERN SURETY CO. OF NEW YORK
v. FIRST STATE BANK OF MARQUEZ
et al.**

**No. 1254.**

Court of Civil Appeals of Texas. Waco.
Oct. 27, 1932.

Rehearing Denied Dec. 8, 1932.

John T. Suggs, Jr., and E. E. Hurt, both of Dallas, for appellant.

J. E. & B. L. Bradley and Mr. & Mrs. C. S. Bradley, all of Groesbeck, for appellees.

ALEXANDER, J.

This suit was brought by the First State Bank of Marquez against B.·F. Brooks Construction Company, Southern Surety Company, H. G. Lanier, and others in the district court of Leon county to recover on a release bond for certain funds claimed to be due by the state highway department to the Brooks Construction Company for the construction of a road in Leon county. In December, 1928, Brooks Construction Company entered into a contract with the state highway department for the construction of a part of state highway No. 2, known as job 145b in Leon county. Brooks Construction Company sublet a part of the work to H. G. Lanier. It was alleged that during the course of the work, Lanier entered into a contract with the First State Bank of Marquez by the terms of which the bank agreed to and did make advancements to Lanier from time to time by paying the material and· labor bills incurred by Lanier in such work, and Lanier agreed to and did orally assign to the bank as security for the funds so advanced, all funds coming to him from Brooks Construction Company and the state highway department for the performance of his contract, together with all rights and liens to which he might be entitled under his contract with Brooks Construction Company. Lanier failed to repay the funds so advanced by the bank and in consequence the bank filed its claim in writing with the state highway department and requested that department to withhold the amount due and unpaid to Brooks Construction Company on its contract, as provided in Vernon's Ann. Civ. St., art. 5472a. The state highway department accepted the claim and withheld from Brooks Construction Company the sum of $2,122.65.

Brooks Construction Company, in compliance with the provisions of Acts 1929, 41st Leg., 2d Called Sess., p. 154, c. 78 (Vernon's Ann. Civ. St. art. 5472b—1), executed and delivered to the state highway department a release bond with Southern Surety Company as surety, and the funds then due Brooks Construction Company were released. This suit was by the bank against Lanier for its debt and against Brooks Construction Company and Southern Surety Company on the release bond. The bank claimed a lien on so much of the funds due by the state highway department to Brooks Construction Company as would be sufficient to pay the balance due by Brooks Construction Company to Lanier on his contract.

The case was before this court on a former occasion and was reversed as to the Brooks Construction Company and the Southern Surety Company because there was no evidence of an agreement between Lanier and the bank that the bank should be subrogated to his rights and liens. See Brooks Construction Company v. First State Bank of Marquez (Tex. Civ. App.) 39 S.W.(2d) 83. The second trial was had before the court without a jury and resulted in judgment in favor of the bank against Brooks Construction Company and Southern Surety Company on the release bond for the sum of $1,659.12. Southern Surety Company alone appealed.

The evidence shows that Lanier agreed with the bank that, if it would advance the money and pay the bills incurred by him for labor and material for the construction of the road in question, the bank should be subrogated to all the rights and liens to which he was entitled, and for this purpose he assigned to the bank all his rights and liens in the premises. In keeping with this agreement, the bank paid the bills of the laborers and materialmen and took Lanier's notes for the amounts so expended by it. At the same time Lanier wrote Brooks Construction Company a letter requesting that all checks coming to him for work on the job be delivered directly to the bank. This the Brooks Construction Company agreed to do and payments were by it so made to the bank up to and including the sixth estimate. Thereafter in November, 1929, the Brooks Construction Company ceased to make payment to the bank and Lanier was unable to make further payments. The bank immediately presented its claim in writing to the state highway department for the sum of $2,334.91 and requested that department to withhold the amount due and unpaid to Brooks Construction Company on its contract. The state highway department accepted the claim for the sum of $2,122.65 and withheld from Brooks Construction Company said amount. Brooks Construction Company secured a release of the funds by executing a release bond, as provided by the statute. At

the time notice was served on the state highway department, Brooks Construction Company was indebted to Lanier on the job in question in the sum of $1,659.12.

Since Lanier, through the bank, had paid for and furnished the labor and material for the construction of the road, he was entitled to fix a lien on so much of the funds in the hands of the state highway department and owing to Brooks Construction Company as was necessary to pay the amount due him by the Brooks Construction Company. He could have fixed his lien on such funds by filing written notice thereof with the state highway department. Texas Company v. Schriewer (Tex. Civ. App.) 38 S.W.(2d) 141. If he had so perfected his lien he could have assigned same, together with his debt, to the bank and the bank could have enforced same. The evidence shows, however, that neither the materialmen nor laborers, whose claims were paid by the bank, nor Lanier ever undertook to perfect their liens on the funds owing by the state highway department for the construction of the road in question either by filing same with the county clerk, as provided in Revised Statutes, art. 5160, as amended in 1929 (Vernon's Ann. Civ. St. art. 5160), or by filing same with the highway department, as provided in Vernon's Ann. Civ. St. art. 5472a. The bank, after it had purchased Lanier's right, undertook to perfect the lien by filing claim with the highway department.

Appellant's proposition is that the assignment of a laborer's or materialman's claim prior to the perfection of the lien, by compliance with the terms of the statute creating it, confers upon the assignee no right to have or perfect the lien to which the assignor was entitled. In other words, it contends that the assignment of a claim carries no lien unless the mechanic or materialman has previously proceeded to acquire or perfect a lien as provided by the statute. Vernon's Ann. Civ. St. art. 5472a, provides: "That any person * * * furnishing any material * * * or labor to any contractor for any public improvements in this State, shall have a lien on the moneys * * * due or to become due to such contractors for such improvements; provided, such person * * * shall, before any payment is made to such contractor, notify in writing the officials of the State * * * whose duty it is to pay such contractor of his claim."

Whether or not the bank, as the assignee of Lanier, had a right to perfect the lien created by the statute by filing the claim with the state highway department, is a question on which the courts are not agreed. Some courts hold that the right to perfect the lien is personal to the materialman or laborer mentioned in the statute and that his assignee who purchases the claim prior to the perfection of the lien cannot fix the lien; while others hold that the assignment of a lienable claim carries with it the right to the lien and clothes the assignee with the authority to take the necessary proceedings to perfect and enforce the lien. The authorities presenting the two views are correlated in 21 Ann. Cas. at p. 962. See, also, 40 C. J. 309, § 407.

We are inclined to the view that the authorities supporting the theory that the assignee acquires the right to perfect and enforce the lien present the better reasoning. The general policy of the law in creating the lien is to protect the laborer or materialman to the end that he may receive full compensation for the labor or material so furnished and which has gone into the construction of the road. To allow the assignee to perfect the lien does the debtor no harm. He owes the debt and the funds are held by him subject to the right to fix the lien. It is of no concern to him who fixes it. On the other hand, it is of material advantage to the laborer or materialman that he be allowed to collect his claim as quickly as possible and that he receive full value therefor. If he be denied the privilege of assigning his equitable right to fix the lien along with his debt, it will often result that he must either suffer the delay and expense incident to fixing the lien or else assign his claim at a discount and suffer the loss. He should be permitted to avail himself of the security which the statute gives him in the way most beneficial to himself, and, if he can better himself, without injury to the debtor, by giving his assignee the right to perfect the lien, he should be permitted to do so. Murphy v. Adams, 71 Me. 113, 36 Am. Rep. 299; Kinney v. Duluth Ore Co., 58 Minn. 455, 60 N. W. 23, 49 Am. St. Rep. 528; Smoot v. Checketts, 41 Utah, 211, 125 P. 412, Ann. Cas. 1915C, 1113, par. 7; Sprague Investment Co. v. Mouat Lumber & Investment Co., 14 Colo. App. 107, 60 P. 179, 180; McDonald v. Kelly, 14 R. I. 335, 338; Bristol Iron & Steel Co. v. Thomas, 93 Va. 396, 25 S. E. 110. Under our blended system a very liberal policy is recognized in the assignment of both legal and equitable rights. If a laborer can perfect his lien and assign it with his claim, we know of no reason why he should not be permitted to assign his right to perfect his lien along with his debt. This is particularly true where the statute, as in this case, does not require the one filing the claim to swear that the account is correct. So far as we have been able to ascertain there are only two Texas cases in which the question has been discussed. First National Bank v. Campbell, 24 Tex. Civ. App. 160, 58 S. W. 628; Carlile v. Harris (Tex. Civ. App.) 38 S.W.(2d) 622. In each of these cases the court held that the lien could not be perfected by the assignee. However, such holding was not necessary to a decision of the case. In each of these cases a homestead was involved and the husband and wife had not executed the statutory mechanic's lien contract prior to the

time the labor had been performed and the material furnished. It is apparent, therefore, that the laborer or materialman could not have perfected the lien prior to the assignment, and, of course, the assignee acquired no better right. In the case at bar, the bank, by paying the laborer's and materialmen's claims with the understanding between it and Lanier that it should be subrogated to all his rights, acquired Lanier's right to perfect the lien. Fievel v. Zuber, 67 Tex. 275, 3 S. W. 273; 25 R. C. L. 1374. We are of the opinion that the bank as the assignee of Lanier had the right to perfect the lien by filing the claim with the state highway department.

 The appellant next contends that the notice served on the state highway department was not sufficient to impound the funds held by that department and owing to Brooks Construction Company. The claim as filed did not recite that Lanier had assigned to the bank his lien or his right to the lien on the funds in question nor did it recite specifically that the bank was entitled to be subrogated to Lanier's lien on the funds. It is appellant's contention that since the bank would not have been entitled to a lien for money advanced to Lanier in the absence of an assignment of his lien, or an agreement that the bank should be subrogated to Lanier's rights, as held by us on a former hearing [Brooks Construction Company v. First State Bank of Marquez (Tex. Civ. App.) 39 S.W.(2d) 83], and since the claim did not recite an assignment of the lien to the bank or a subrogation agreement, the claim was insufficient. The claim was filed by R. P. Carrington as cashier of the bank and was in writing and duly verified by him. The Brooks Construction Company had previously been notified by Lanier to pay all funds due him for such work on the job directly to the bank and must have known that the bank was claiming some interest in the funds. The claim set out the amount thereof and recited that the bank had furnished the funds evidenced thereby to Lanier, a subcontractor under Brooks Construction Company, for the purpose of paying for certain labor and material used in the construction of the road in question. There was attached to the claim notes signed by Lanier and payable to the bank for the amount due the bank. These notes showed that they were given for money advanced to pay for labor and material. The claim recited that it was filed with the highway department in order to protect the bank against any payment to Brooks Construction Company. The state highway department accepted the claim for the sum of $2,122.65 and withheld such payment from the Brooks Construction Company. The release bond executed by Brooks Construction Company recited that the claim had been filed on account of merchandise furnished to Lanier as a subcontractor under Brooks Construction Company pursuant to the provisions of Vernon's Ann. Civ. St. art. 5472a, and that the bond was given to insure the payment of such claim as provided by article 5472b—1 (Acts 1929, 41st Leg., 2nd C. S., p. 154, c. 78). The statute authorizing the impounding of such funds by filing the claim with the state highway department does not prescribe the form nor the terms of such claim. It merely provides that "such person * * * shall * * * notify in writing the officials of the State * * * of his claim." Vernon's Ann. Civ. St. art. 5472a. It was evidently the intention of the Legislature to make the filing of such claim as simple as possible in order to accommodate the class of people who might have a right to file such claim. In the absence of some clear and specific statutory requirement as to the contents of such a claim, we are inclined to exercise liberality as to the form thereof. The claim filed in this case was sufficient to inform all those concerned therein of the nature of the rights asserted by the bank, and actually accomplished the purpose of inducing the state highway department to withhold the funds. The highway department recognized and accepted it and withheld the money from Brooks Construction Company and the construction company and its surety on the release bond recognized the purpose of the claim by executing a bond in which it was recited that the claim had been filed pursuant to the provisions of the very statute (article 5472a) creating the lien for merchandise furnished to Lanier as a subcontractor under the construction company. We think the claim as filed was sufficient under the statute.

 Appellant's next contention is that the bank's claim is barred by limitation, and that the court erred in failing to sustain a plea of limitation. The act in question provides that no action shall be brought on such release bond after the expiration of six months from the date of the filing thereof. Similar statutes have been held to be statutes of limitation and are governed by the same rules of construction. State Banking Board v. Pilcher (Tex. Com. App.) 270 S. W. 1004; Edwards Mfg. Co. v. Southern Surety Co. (Tex. Civ. App.) 283 S. W. 624. The case went to trial on an amended petition. Within six months after the filing of the release bond the bank filed its original petition and sought a recovery on the bond. The original petition alleged the contract by Brooks Construction Company to construct the road and that Lanier was a subcontractor thereunder; that at the request of Brooks Construction Company and Lanier the plaintiff had furnished them certain materials, etc., in that it had furnished the sum of $2,122.65 in money, which money was used by the bank at the request of Lanier and Brooks Construction Company to pay labor and material bills, which labor and material was used in the construction of the road and that it was

agreed between them and the bank that the bank should be subrogated to all the rights of each and all persons furnishing labor and material for such work. The bank in such petition claimed and sought to enforce a lien on the funds in question. By trial amendment filed within such six-month period, the bank set out an itemized list of the labor and material claimed to have been paid for and funds furnished by it for the construction of the road. The plaintiff, however, did not allege that Brooks Construction Company was indebted to Lanier in any sum for work done by him under his contract and it did not allege specifically that Lanier had assigned to it any lien that he had on the funds. By an amended petition filed by the bank more than six months after the execution of the release bond, the bank alleged for the first time that Brooks Construction Company was indebted to Lanier for work done and material furnished by him under said contract and that Lanier had set over and assigned to it all his rights in the premises. It is appellant's contention that since more than six months elapsed after the filing of the release bond before plaintiff filed its amended petition in which it alleged for the first time that Brooks Construction Company was indebted to Lanier and that Lanier's lien had been assigned to the bank, the plaintiff's suit was barred by limitation. We think the original suit was sufficient to prevent the running of limitation. The plaintiff's original petition not only alleged that plaintiff had furnished the material, etc., for the construction of the road, but it expressly alleged that it did so at the special instance and request of the construction company, Lanier and each and all of the several persons who had furnished labor and material used in the work and that all such persons agreed that plaintiff should be subrogated to all the rights of each and all of such persons. The original petition alleged that the bank had a valid claim against Lanier and Brooks Construction Company for the amount sued for; that the bank was subrogated to the rights of the said Lanier and Brooks Construction Company, and that it was entitled to a lien on the funds due by the state to Brooks Construction Company; that it had filed its claim with the state highway department attempting to fix a lien on said funds under and by virtue of the provisions of the statute in question; that the Brooks Construction Company had filed a release bond as provided by statute and secured a release of such funds, in which bond it was recited that the bank had attempted to fix a lien in the amount of $2,122.65 against the contract so performed by Brooks Construction Company; and that the bank was entitled to the full benefit of said bond and was entitled to recover thereon.

It is apparent from the allegations of the original petition that the plaintiff was claiming a lien on the funds due by the state to Brooks Construction Company on the contract in question on account of having furnished the money with which labor and material bills were paid and that it was seeking to recover on the release bond on account of a subrogation agreement between it and Lanier and Brooks Construction Company. It is true that the word "assignment" was not expressly used, but the allegation of an agreement for subrogation to the rights of each and all of the parties concerned, was at least equivalent to an allegation of an equitable assignment of any right such parties or either of them had to fix a lien.

The object of a statute of limitation in requiring the complaining party to assert his claim within a reasonable time is to suppress fraudulent and stale claims from springing up at great distances of time and surprising the other party after the evidence which would sustain a defense has been lost. 37 C. J. 684. A petition which advises the defendant of the nature of the claim asserted is sufficient to toll the statute of limitation even though it fails to allege some essential element necessary to a recovery, and as a consequence is subject to a general demurrer. Fuller v. El Paso Times Co. (Tex. Com. App.) 236 S. W. 455; M.-K.-T. Ry. Co. v. Johnson (Tex. Civ. App.) 25 S.W.(2d) 956, par. 2; McCamant v. McCamant (Tex. Civ. App.) 203 S. W. 118; Kauffman v. Wooters, 79 Tex. 205, 13 S. W. 549. It is only necessary that the amended petition filed after the running of limitation state a cause of action which is substantially the same and not materially different from that advanced in the pleading filed during the period of limitation. Cochran v. Carruth (Tex. Civ. App.) 12 S.W. (2d) 1078; Fuller v. El Paso Times Co. (Tex. Com. App.) 236 S. W. 455. Tested by the above rules, we think the original petition filed before the action was barred was sufficient to stop the running of limitation on the cause of action on which recovery was had. City of San Antonio v. Reed (Tex. Civ. App.) 192 S. W. 549; Mann v. Mitchell (Tex. Civ. App.) 241 S. W. 715; McCamant v. McCamant (Tex Civ. App.) 203 S. W. 118; Townes Texas Pleading (2d Ed.) 456, 457.

The court rendered judgment for the amount found to be due Lanier by Brooks Construction Company at the time the claim was filed. Appellant contends that the evidence was insufficient to show that Brooks Construction Company was indebted to Lanier in an amount equal to the judgment herein rendered at the time the bank filed its claim. The case was tried before the court without a jury. No findings of fact were requested or filed. We think there is sufficient evidence in the record to support the judgment and since we must indulge all reasonable presumption in favor of the judgment, we overrule this contention.

The judgment of the trial court is affirmed.