**CURTIS et ux. v. SPECK et al.**
.No. 10772.

Court of Civil Appeals of Texas. Galveston.,
May 18, 1939.

Rehearing Denied June 28, 1939.

H. J. Hendrix and Geo. W. Dixon, both of Houston, for plaintiffs in error.

McFarlane & Dillard and Thos. W. Blake, Jr., all of Houston, for defendant in error Dr. B. J. Speck.

Bailey & Blum, of Houston, for defendant in error F. C. Jackson.

MONTEITH, Chief Justice.

This is an appeal by writ of error from a judgment of the district court of Harris County in an action brought by defendant in error, B. J. Speck, plaintiff below, against plaintiff in error, H. E. Curtis, and defendant in error and cross-plaintiff, F. C. Jackson and Benjamin A. Denny, Executor of the Estate of Mary B. Jackson, for foreclosure of a deed of trust and vendor's liens retained to secure the payment of the second of a series of two vendor's lien notes outstanding against a tract of approximately 12½ acres of land out of Lots 8 and 9 in the C. W. Lindsey Subdivision of 247.2 acres out of the west part of Section 19, Block 4, Washington County R. R. Survey in Harris County, Texas.

The parties will be designated in this opinion as in the trial court.

Plaintiff filed this action for the recovery of the balance due on note No. 2 of said series. He pled in the alternative that on April 30, 1934, he had entered into an agreement with defendant for the renewal and extension of said note for a period of two years from that date.

Cross-plaintiff prayed for foreclosure of note No. 1 of said series of notes and joined plaintiff in his prayer for relief.

Defendant, joined by his wife, Mrs. H. E. Curtis, answered both plaintiff and cross-plaintiff by general demurrer and general and special denials. By a special plea he alleged the invalidity of both of said notes on the ground that he and his wife, since the purchase of said property,

had occupied it as their homestead. He alleged further that both of said notes were barred by limitation on various grounds.

In answer to defendant's plea of limitation, cross-plaintiff answered setting up a new cause of action based on an instrument in writing acknowledging the existence of said debt and the justice thereof, sufficient to renew and extend the note and to take it from the operation of the statutes of limitation, to which pleading defendant interposed a plea of non est factum and fraud on the part of the cross-plaintiff in securing the execution of said instrument.

At the conclusion of the testimony and after all parties had rested their causes, plaintiff and cross-plaintiff filed motions for an instructed verdict, which were granted. On said instructed verdict the court rendered judgment in favor of plaintiff, B. J. Speck, in the sum of $931.71, and in favor of cross-plaintiff, F. C. Jackson, for $2280.-86, with foreclosure of said deed of trust and vendor's liens, and for a pro rata distribution of the proceeds of the sale of said property to plaintiff and cross-plaintiff in the proportion that the amount of each of their judgments therein recovered bore to each other, the surplus, if any remaining after the satisfaction of the amounts recovered, to be paid to the defendants.

Defendant and cross-defendant, Mrs. H. E. Curtis, base their appeal on alleged fundamental errors of the trial court in instructing the jury to return a verdict in favor of plaintiff and cross-plaintiff and in entering judgment based on said verdict.

On April 8, 1925, plaintiff conveyed the land in question to defendant. As a part of the consideration therefor defendant executed and delivered to plaintiff his two certain promissory notes of respectively $1500, due on January 1, 1932, and $1924.-42, payable, principal and interest, in monthly installments of $31 each. The notes sued on and said deed and deed of trust each recite that said notes are secured by a vendor's lien on the land in question. Note No. 1 was assigned by plaintiff to Mary D. Jackson, wife of cross-plaintiff, who died intestate prior to the filing of this suit, leaving cross-plaintiff her sole heir at law.

In plaintiff's original petition the amount claimed to be due on said note No. 2 was left blank at the time of the filing of the suit, but was filled in later by plaintiff's attorney. Both notes, however, were copied verbatim in plaintiff's petition and a copy of the deed of trust was attached to said pleadings as an exhibit. No exception was leveled at such pleading on the ground that it had been improperly amended, and no motion was made to strike the pleading on this ground. Plaintiff's original petition was filed prior to the maturity date of the last installment due on Note No. 2.

The record shows that plaintiff's original petition was filed on December 27, 1935. Defendant was served with citation on March 26, 1936. There is no showing in the record as to the cause of the delay in the issuance of said process.

Cross-plaintiff's original answer to plaintiff's petition and cross-action for foreclosure as against defendant of Note No. 1 for $1500 was filed on April 22, 1936. Said Note No. 1 became due and payable on January 1, 1932.

Defendant contends that since the property in question was occupied by him as a homestead, under a contract of sale prior to its actual purchase and prior to the execution of the purchase money notes sought to be foreclosed, that he had acquired a homestead right therein superior to the vendor's and deed of trust liens retained to secure the payment of said notes. We cannot sustain this contention. The rule has been definitely established in this state that until the purchase money for property is paid, the purchaser has no such interest therein as will support the homestead right against the person to whom such purchase money is due. 22 Tex.Jur. page 296. It is further the established law in this state that where a vendor's lien is retained in the purchase of property the homestead plea is inadmissible in the absence of pleadings under oath that the recitations in reference to said lien were induced through fraud or mistake.

This rule has been recently reaffirmed by the Supreme Court in the case of Gregory v. Ward, 118 Tex. 526, 18 S.W.2d 1049, wherein it was held that evidence from the probate records showing that property was a homestead was not admissible in a suit to enforce a vendor's lien.

We are further unable to sustain defendant's assignment of error to the failure to make Mrs. H. E. Curtis, the wife of defendant, a party to this suit to foreclose a vendor's lien against the property in question claimed by defendant and his wife as a homestead. This question is definitely settled by the opinion in the case

of Ohmart v. Highbarger, Tex.Civ.App., 43 S.W.2d 975, which holds that such a suit may be maintained against the husband alone and without the joinder of the wife. This rule applies equally to the joinder of the wife in a suit brought for the purpose of foreclosing a deed of trust lien. Waldon v. Davis,Tex.Civ.App., 185 S.W. 1000, 22 Tex.Jur., page 297.

■ Defendant contends that installment note No. 2 was barred by the four years' statute of limitation by virtue of the fact that he had, on several occasions, made default in the payment of installments due thereon.

The record fails to disclose any evidence that plaintiff made demand for the entire balance due on said note or presented it for payment or any act showing an intention to declare the entire amount due.

■ It is the rule in Texas that, where the note provides therefor, the holder thereof may upon default in the payment of an installment, at his option, declare the entire amount due, but that where the acceleration provision expressly states that it is "at the option" of the holder, default in the payment of an installment does not ipso facto start the running of the statute against the entire obligation, but limitation runs only from the time of the exercise of the option. R.S.Article 5520, as amended in 1931, Vernon's Ann.Civ.St. art. 5520; 28 Tex.Jur. 176; Miller v. Uvalde Co., Tex.Civ.App., 20 S.W.2d 403.

■■ It is further held that the intention to accelerate maturity must be evidenced by clear and unequivocal acts followed by affirmative action towards enforcing the declared intention; City National Bank of Corpus Christi v. Pope, Tex.Civ.App., 260 S.W. 903; and that formal demand must be made for any installment on a debt before the debt can be declared due; Beckham v. Scott, Tex.Civ. App., 142 S.W. 80; Parker v. Mazur, Tex. Civ.App., 13 S.W.2d 174.

■ Defendant further contends that the filing by plaintiff of his original petition in which the amount alleged to be owing on that date on Note No. 2 was left blank, was not sufficient to stay the running of the statute of limitation. We cannot agree with this contention. The record shows that the blanks in the petition were later filled in by plaintiff's attorney; that the petition contained verbatim copies of both of said notes, and that a copy of said deed of trust was attached to plaintiff's petition as an exhibit, and that no exceptions were leveled by defendant to said pleading on the ground that it had been improperly amended, and no motion was made to strike the pleading on this ground.

■■ 28 Texas jurisprudence, page 190, lays down the following rule: "The rule established in Texas is that the commencement of a suit by a party in whose favor a cause of action exists stays the running of the statute of limitation regardlesss of how defectively the cause may be presented in the petition. A fortiori, the running of the statute is interrupted by the filing of a petition which is so defective as to be subject to special or general demurrer, provided it is filed before the expiration of the statutory period of limitation and is based upon a proper cause of action described with sufficient certainty to apprise the defendant of its nature. In such a case the petition may be amended, and the amendment will relate back to the time of the filing of the original pleading."

This rule is followed in the cases of Missouri, K. & T. R. Co. v. Johnson, Tex. Civ.App., 25 S.W.2d 956; Southern Surety Co. of New York v. First State Bank, Tex. Civ.App., 54 S.W.2d 888; Leifeste v. Stokes, Tex.Civ.App., 45 S.W.2d 1006.

■ Defendants assert further that note No. 2 was barred by the four years' statute of limitation for the reason that citation was served on the defendant on or about March 26, 1936, subsequent to the maturity date, contended by defendants to be January 8, 1936.

No evidence was introduced tending to show that the plaintiff or his attorneys were negligent in procuring the issuance of the citation, or that its issuance was delayed by their fault, or at their instance or request.

■ Article 1971, R.S.1925, provides the suit shall be commenced in the district court by the filing of a petition; Article 2021 provides that when a petition is filed with the clerk he shall promptly issue a citation for the defendant. Under the above articles, when suit is commenced by filing a petition, the duty is imposed by law upon the clerk to promptly issue citation. Plaintiff may by request, or by

other facts showing such intention, delay the issuance of citation. However, it is essential that defendant prove that the delay, if any, in the issuance of the citation by the clerk was through the negligence, or at the instance or request, of plaintiff or his attorney. The following rule is laid down in 28 Texas Jurisprudence, 196: "In the absence of proof it will not be presumed that plaintiff did anything to delay the issuance of citation."

In the case of Hannaman v. Gordon, Tex.Com.App., 261 S.W. 1006, 1007, the court in discussing the statutes of limitation which require that an action be brought and prosecuted in a stated time, held: " * * * that, to interrupt the running of statutes of limitations provided in said articles, there must be a bona fide intention, at the time of filing of petition, that process shall be served at once upon the defendant. It is also the holding of that court in the construction of the articles above mentioned that, in order that the filing of the petition in the causes of action described in those articles shall not interrupt the running of the statute, it must be shown on the trial that the delay in issuing citation was attributable to the plaintiff or that it was delayed at his instance. In the absence of proof it will not be presumed that the plaintiff did anything to delay the issuance of citation."

This court, in the case of Allen v. Masterson, 49 S.W.2d 855, 856, held: "The filing of the suit in the statutory period is sufficient to stop the running of limitation. The litigant has a right to assume that the officers will do their duty, and that the citation will be served promptly. Where the citation is not issued and served promptly, this does not affect the suit, unless the plaintiff is responsible for the failure of the officers to do their duty, as in cases where the plaintiff instructs the clerk not to issue, or instructs the sheriff, not to serve. Where this is done, it is held that the plaintiff has not a bona fide intention that citation shall issue * *. There is no evidence in this case that the plaintiff and his attorney did not have a bona fide intention that citation should issue and be served."

Under the above authorities, we think that the action of the trial court in instructing a verdict in favor of plaintiff B. J. Speck, and rendering judgment thereon, should be upheld.

In answer to defendants' plea of the four years' statute of limitation, cross-plaintiff, F. C. Jackson, set up a new cause of action based on the execution and delivery to him by defendant of the following instrument:

"O'Brien Stevens, Attorney
"Stewart Building,
"Houston, Texas.
"December 31, 1935.

"Fred Jackson,
"Houston, Texas.

"This is to advise that the vendor's lien note executed by myself payable to B. J. Speck in the sum of about Fifteen Hundred Dollars and due on January 1, 1932, and transferred to yourself or your wife and secured by a lien on 12 and one-half acres of land, being lots 8 and 9, Block 19, Washington County R. R. Survey in Harris County is a just and legal obligation and the same is hereby renewed and I acknowledge myself as obligated to pay the same on or before 60 days from this date.

"(Signed)   H. E. Curtis."

Defendant denied the execution of said instrument by a plea of non est factum and in an alternative plea alleged that he was induced by fraudulent representations made by the agents of cross-plaintiff to sign said instrument; that he did not have his reading glasses at the time he was induced to sign said instrument and was told that said instrument was being executed for the purpose of use in the trial of the action filed by plaintiff Speck.

Without attempting to pass on the facts as alleged by defendant, we have concluded that defendant's pleading was sufficient to justify the submission to the jury of the issue of fraud on the part of the agent of cross-plaintiff in securing the execution of such instrument, particularly since note No. 1 sought to be foreclosed by cross-plaintiff was at the time of the filing of his cross-action barred by the four years' statute of limitation.

For the reasons above stated the judgment of the trial court will be affirmed as to the plaintiff, B. J. Speck, defendant in error herein, and reversed and the cause remanded for a new trial as to cross-plaintiff, F. C. Jackson, defendant in error herein.

Affirmed in part;

Reversed and remanded in part.