TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-99-00429-CV






Donald Ferrari and Ona Jean Ferrari, Appellants



v.



Citation Securities, Inc., Appellee







FROM THE DISTRICT COURT OF TRAVIS COUNTY, 331ST JUDICIAL DISTRICT


NO. 93-14584, HONORABLE JON N. WISSER, JUDGE PRESIDING







 This is a suit on a promissory note. We must determine whether the six-year
statute of limitations contained in 12 U.S.C. section 1821(d)(14)(A)(i)(I) (1989) commenced on
the date the Federal Deposit Insurance Corporation ("FDIC") accelerated the maturity date of the 
promissory note or on the note's original maturity date. Because no affirmative act occurred after
acceleration and before the note's original maturity date, we conclude that the acceleration was
not effective and that the statute of limitations began running on the note's original maturity date. 
Accordingly, we affirm the trial court judgment.


Background


 On March 31, 1986, Donald Ferrari and Ona Jean Ferrari (the Ferraris) executed
a promissory note payable to North Central National Bank ("NCNB") in the principal amount of
$305,000 secured by ten acres of real property and two Ferrari automobiles. The note was
modified and extended on December 3, 1986 in the amount of $185,892.38. The Ferraris were
obligated to make monthly installments with a final balloon payment due on December 3, 1987. 

 On or about April 23, 1987, the Office of the Comptroller of the Currency declared 
NCNB insolvent and the FDIC was appointed receiver of NCNB. The FDIC succeeded to all
assets of NCNB by operation of law. 12 U.S.C. § 1821(d)(2)(A) (1989). On October 19, 1987,
the FDIC gave notice of intent to accelerate the note by making a written demand for payment of
the Ferraris' note and requesting the balance to be paid by October 30, 1987. Four days later,
the FDIC accelerated the maturity date of the note, and informed the Ferraris that the FDIC
intended to post the property securing the note for foreclosure. The Ferraris did not pay the
balance and the FDIC did not post the property for foreclosure or take any other affirmative action
to collect the note. The note matured on its own terms on December 3, 1987. 

 On March 1, 1989, the Ferraris sold one of the Ferrari automobiles securing the
note and applied the $47,000 in proceeds to the amount due under the note. On May 15, 1992,
a Travis County constable executed a constable's deed pursuant to an order of sale to Manor
Independent School District, subject to the right of redemption, for taxes owed on the real
property securing the Ferraris' note. The FDIC sold the note and related security documents to
Citation Securities, Inc. ("CSI") on October 28, 1993. On November 24, 1993, CSI filed the
underlying lawsuit against the Ferraris who defended on the basis that the statute of limitations
had run before CSI filed its action. CSI paid the delinquent taxes, offered the real property for
sale at a non-judicial sale, acquired the property for $50,000 on May 3, 1994, and applied the
proceeds to the balance due on the note. Later that month, CSI foreclosed on its security interest
in the remaining Ferrari automobile, sold it at auction, and applied the proceeds to the note.

 Following a bench trial submitted on stipulated facts, the trial court concluded that
the statute of limitations commenced on December 3, 1987, and thus the action was timely filed,
awarded CSI a judgment in the amount of $275,000 plus interest, and ordered the foreclosure of
CSI's deed of trust lien and sale of the real property. The Ferraris raise a single issue on appeal.


Discussion


 The Ferraris contend the trial court erred in concluding limitations did not begin
running until December 3, 1987. They argue that the date of the FDIC's November 3, 1987 letter
accelerating the note was the date the statute of limitations commenced. Thus, according to the
Ferraris' argument, CSI's lawsuit filed November 24, 1993 is barred by the six-year statute of
limitations contained in 12 U.S.C. § 1821(d)(14)(A)(i)(I) (1989). (1) In support of their position,
the Ferraris first argue that there is no need for an affirmative act after acceleration to begin the
running of the statute of limitations. According to the Ferraris, section 1821(d)(14)(A)(i)(I)
provides that the limitations shall be the six-year period beginning on the date the claim accrues,
without mentioning any further act. See 12 U.S.C. § 1821(d)(14)(A)(i)(I) (1989). They argue
that because the FDIC could have foreclosed on the property or filed an action to collect the
amount due or both after the acceleration in the November 3, 1987 letter, that is the date the cause
of action accrued.

 A cause of action on a note, assuming no acceleration, accrues when the note
matures. See Swoboda v. Wilshire Credit Corp., 975 S.W.2d 770, 776 (Tex. App.--Corpus Christi
1998, pet. denied); see also Tex. Civ. Prac. & Rem. Code Ann. § 16.035(e) (West Supp. 2000)
(when notes are secured by real property lien, limitations does not being to run until maturity date
of last note). If a lender accelerates a note, the statute of limitations begins to run from the date
of an effective acceleration. See McLemore v. Pacific Southwest Bank, FSB, 872 S.W.2d 286,
292-93 (Tex. App.--Texarkana 1994, writ dism'd by agr.) (note accelerated and matured upon date
of foreclosure); Federal Deposit Ins. Corp. v. Massingill, 24 F.3d 768, 776 (5th Cir. 1994)
(without affirmative act, no valid acceleration and statute of limitations did not begin until later
default). A holder of a note may accelerate the note by providing: (1) the maker of the
promissory note with notice of intent to accelerate and an opportunity to cure the default; (2)
notice of the acceleration; and (3) further affirmative action enforcing the declared demand or
acceleration. Massingill, 24 F.3d at 775-76; Ogden v. Gibraltar Sav. Ass'n, 640 S.W.2d 232,
233-34 (Tex. 1982); see Curtis v. Speck, 130 S.W.2d 348, 351 (Tex. Civ. App.--Galveston 1939,
writ ref'd) (intention to accelerate maturity must be evidenced by clear and unequivocal acts
followed by affirmative action towards enforcing declared intention).

 The FDIC gave the Ferraris notice of intent to accelerate, an opportunity to cure,
and a notice of acceleration. However, no affirmative act occurred after the November 3, 1987
letter of acceleration before the note matured on its own terms on December 3, 1987. Without
an affirmative act after the acceleration, the acceleration was not effective to start the limitations
period. Swoboda, 975 S.W.2d at 776-78. Accordingly, the cause of action accrued on the date
the note matured, December 3, 1987. CSI timely filed its lawsuit on November 24, 1993, within
six years of the accrual date.

 In the alternative, the Ferraris argue that if an affirmative act is required,
foreclosure by CSI more than six years later on May 3, 1994 satisfied such requirement. We
disagree. On February 27, 1997, in an interlocutory order, the trial court set aside the May 3,
1994 foreclosure and declared it null, void and of no effect. Thus, there was no foreclosure to
serve as an affirmative act to effectuate a valid acceleration.

 Finally, the Ferraris contend that the requirement of a further affirmative act after
notice of acceleration is no longer required. In support of this position, they rely on section 3.118
(a) of the Texas Business and Commerce Code. According to section 3.118(a):


Except as provided in Subsection (e), an action to enforce the obligation of a party
to pay a note payable at a definite time must be commenced within six years after
the due date or dates stated in the note or, if a due date is accelerated, within six
years after the accelerated due date.



Tex. Bus. & Com. Code Ann. § 3.118(a) (West Supp. 2000). (2) The Ferraris argue that the
"accelerated due date" refers to the notice of acceleration and not to a further act.

 Section 3.118(a) was added effective January 1, 1996. Act of May 28, 1995, 74th
Leg., R.S., ch. 921, § 1, 1995 Tex. Gen. Laws 4582, 4587 (codified at Tex. Bus. & Com. Code
Ann. § 3.1198(a) (West Supp. 2000)). The new act expressly provided that it did not affect an
action or proceeding commenced or a right that accrued before the effective date. Act of May 28,
1995, 74th Leg., R.S., ch. 921, § 9, 1995 Tex. Gen. Laws 4582, 4643. Accordingly, section
3.118(a) does not apply to the issue in this case regarding the commencement of the statute of
limitations.


Conclusion


 Having concluded that the acceleration was not effective, we hold that the
limitations period commenced on December 3, 1987, the date the note matured, and that CSI's
lawsuit filed November 24, 1993 was timely. We overrule the Ferraris' sole issue and affirm the
trial court judgment.



 

 Marilyn Aboussie, Chief Justice

Before Chief Justice Aboussie; Justices Kidd and B. A. Smith

Affirmed

Filed: March 30, 2000

Do Not Publish

1. It is undisputed that the six-year statute of limitations contained in 12 U.S.C.
§ 1821(d)(14)(A)(i)(I) (1989) applies. Jackson v. Thweatt, 883 S.W.2d 171, 174-76 (Tex. 1994).
2. Subsection (e) prescribes the limitations period for a certificate of deposit. 


 Code Ann. § 16.035(e) (West Supp. 2000)
(when notes are secured by real property lien, limitations does not being to run until maturity date
of last note). If a lender accelerates a note, the statute of limitations begins to run from the date
of an effective acceleration. See McLemore v. Pacific Southwest Bank, FSB, 872 S.W.2d 286,
292-93 (Tex. App.--Texarkana 1994, writ dism'd by agr.) (note accelerated and matured upon date
of foreclosure); Federal Deposit Ins. Corp. v. Massingill, 24 F.3d 768, 776 (5th Cir. 1994)
(without affirmative act, no valid acceleration and statute of limitations did not begin until later
default). A holder of a note may accelerate the note by providing: (1) the maker of the
promissory note with notice of intent to accelerate and an opportunity to cure the default; (2)
notice of the acceleration; and (3) further affirmative action enforcing the declared demand or
acceleration. Massingill, 24 F.3d at 775-76; Ogden v. Gibraltar Sav. Ass'n, 640 S.W.2d 232,
233-34 (Tex. 1982); see Curtis v. Speck, 130 S.W.2d 348, 351 (Tex. Civ. App.--Galveston 1939,
writ ref'd) (intention to accelerate maturity must be evidenced by clear and unequivocal acts
followed by affirmative action towards enforcing declared intention).

 The FDIC gave the Ferraris notice of intent to accelerate, an opportunity to cure,
and a notice of acceleration. However, no affirmative act occurred after the November 3, 1987
letter of acceleration before the note matured on its own terms on December 3, 1987. Without
an affirmative act after the acceleration, the acceleration was not effective to start the limitations
period. Swoboda, 975 S.W.2d at 776-78. Accordingly, the cause of action accrued on the date
the note matured, December 3, 1987. CSI timely filed its lawsuit on November 24, 1993, within
six years of the accrual date.

 In the alternative, the Ferraris argue that if an affirmative act is required,
foreclosure by CSI more than six years later on May 3, 1994 satisfied such requirement. We
disagree. On February 27, 1997, in an interlocutory order, the trial court set aside the May 3,
1994 foreclosure and declared it null, void and of no effect. Thus, there was no foreclosure to
serve as an affirmative act to effectuate a valid acceleration.

 Finally, the Ferraris contend that the requirement of a further affirmative act after
notice of acceleration is no longer required. In support of this position, they rely on section 3.118
(a) of the Texas Business and Commerce Code. According to section 3.118(a):


Except as provided in Subsection (e), an action to enforce the obligation of a party
to pay a note payable at a definite time must be commenced within six years after
the due date or dates stated in the note or, if a due date is accelerated, within six
years after the accelerated due date.



Tex. Bus. & Com. Code Ann. § 3.118(a) (West Supp. 2000). (2) The Ferraris argue that the
"accelerated due date" refers to the notice of acceleration and not to a further act.

 Section 3.118(a) was added effective January 1, 1996. Act of May 28, 1995, 74th
Leg., R.S., ch. 921, § 1, 1995 Tex. Gen. Laws 4582, 4587 (codified at Tex. Bus. & Com. Code
Ann. § 3.1198(a) (West Supp. 2000)). The new act expressly provided that it did not affect an
action or proceeding commenced or a right that accrued before the effective date. Act of May 28,
1995, 74th Leg., R.S., ch. 9